

COPY

JUDGE PAULEY

1  LEON GREENBERG, ESQ.
   Law Office of Leon Greenberg
2  2965 South Jones Boulevard #E-4
   Las Vegas, Nevada 89146
3  (702) 383-6085
   (702) 385-1827(fax)
4  leongreenberg@overtimelaw.com

5  Attorney for Plaintiff

13 CV 7572

6

7                    UNITED STATES DISTRICT COURT

8                    SOUTHERN DISTRICT OF NEW YORK

9  -------------------------------x
   SABRINA PENCEAL, SHIREEF        )   **Case No.:**
   JONES and KRISTY WALDRIP,       )
10 Individually and on behalf of)
   all others similarly           )   **COMPLAINT**
11 situated,                       )
                                   )   **CLASS ACTION**
12          Plaintiffs,            )
                                   )
13 vs.                             )
                                   )
14                                 )
   EMPIRE BEAUTY SCHOOL INC., EEG  )
15 INC., EEG LLC, CHIC SCHOOLS,    )
   INC., EMPIRE EDUCATION GROUP,   )
16 INC., FRANK SCHOENEMAN, MICHAEL )
   D. BOUMAN, REGIS CORPORATION,   )
17 and "John Doe Entities", name   )
   fictitious, name and number     )
18 unknown, all conducting         )
   business as the Empire          )
19 Education Group,                 )
                                   )
20          Defendants.            )
   _____     )

21

22      COMES NOW PLAINTIFFS, on behalf of themselves and all others

23 similarly situated and on behalf of the general public, hereby

24 allege:

25                    **JURISDICTION AND VENUE**

26      1.   This Court has jurisdiction over the claims alleged herein

27 because Plaintiffs seek relief pursuant to the Fair Labor Standards

28 Act ("FLSA") for the Defendants' failure to pay minimum wages and/or

                                 1

1 overtime wages as required by 29 U.S.C. § 201-218 et. seq. The
2 employment relationship alleged to exist between the parties is
3 subject to the FLSA because the defendants are properly deemed
4 "employers" within the meaning of the FLSA as they have in excess of
5 $500,000 in yearly revenue and the employment alleged involved the
6 use or handling of goods that have moved or were moving in
7 interstate commerce, as those terms are defined in the FLSA.

8     2.    The Court has supplemental and original jurisdiction over
9 the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a)
10 and the Class Action Fairness Act of 2005, 28 USCS § 1332 ("CAFA").
11 Supplemental jurisdiction is properly exercised over such state law
12 claims which present many overlapping and identical issues of law
13 and fact as the FLSA claims. CAFA jurisdiction is properly
14 exercised over such state law claims as the value of those claims
15 are believed to exceed $5,000,000 on behalf of the alleged class and
16 the citizenship of the parties meets the diversity requirements of
17 CAFA and the other conditions for this Court to assert jurisdiction
18 under CAFA over such claims are present.

19    3.    Venue is properly placed in this Court as the defendants'
20 largest single place of employment of the class members which gives
21 rise to the class members' claims is located in the State, City and
22 County of New York and the plaintiff Sabrina Penceal performed the
23 uncompensated labor for the defendants giving rise to her claims
24 made herein at that location.

25                              **PARTIES**

26    4.    Plaintiff, Sabrina Penceal (one of the "Named Plaintiffs
27 or "Plaintiffs" or "Class Members"), resides in Richmond County, New
28 York.

2

1    5.    Plaintiff, Shireef Jones (one of the "Named Plaintiffs or
2 "Plaintiffs" or "Class Members"), resides in Philadelphia County,
3 Pennsylvania and performed uncompensated labor for defendants in
4 Pennsylvania.

5    6.    Plaintiff, Kristy Waldrip (one of the "Named Plaintiffs or
6 "Plaintiffs" or "Class Members"), resides in Adams County, Colorado
7 and performed uncompensated labor for defendants in Colorado.

8    7.    Defendant Empire Beauty School Inc. (one of the "Empire
9 Corporation" defendants) is a corporation formed and existing under
10 the laws of the State of Pennsylvania and which is duly registered
11 to conduct business in the State of New York and has specified in
12 its filings with the New York Secretary of State that its principle
13 place of business or headquarters or county of residence in the
14 State of New York is in New York County.

15    8.    Defendant EEG Inc. (one of the "Empire Corporation"
16 defendants) is a corporation formed and existing under the laws of
17 the State of Delaware and which is authorized to conduct business in
18 various states besides the State of Delaware.

19    9.    Defendant EEG LLC (one of the "Empire Corporation"
20 defendants) is a limited liability corporation formed and existing
21 under the laws of the State of Delaware and which is authorized to
22 conduct business in various states besides the State of Delaware.

23    10.    Defendant Chic Schools, Inc. (one of the "Empire
24 Corporation" defendants) is a corporation formed and existing under
25 the laws of the State of Michigan.

26    11.    Defendant Empire Education Group, Inc.(one of the "Empire
27 Corporation" defendants) is a corporate name that the defendants
28 have used publicly and which has been publicly reported in a fashion

3

1  implying that it is actually the same entity as EEG Inc. or EEG LLC
2  and to the extent such defendant does exist as a separate corporate
3  entity its jurisdiction of incorporation is unknown.

4      12.   Defendant "John Doe Entities," name fictitious, true name
5  and number unknown, are one or more entities that, like one or more
6  of the "Empire Corporation" defendants, are used by the defendants
7  to conduct the business operations alleged herein that give rise to
8  the claims made in this Complaint.  Such John Doe entities will be
9  identified in the future as such information is acquired during the
10  course of these proceedings and the pleadings appropriately amended
11  to reflect their true names.

12      13.   The activities (the "Empire Beauty School" or "Empire
13  Beauty School Business") hereinafter described giving rise to the
14  claims made in this case have been conducted by one or more of the
15  defendants through the use of one or more of the Empire Corporation
16  defendants and/or one or more of the "John Doe" entity defendants.

17      14.   Defendant Regis Corporation ("Regis") is a corporation
18  formed and existing under the laws of the State of Minnesota and its
19  stock is publicly traded on the New York Stock Exchange.

20      15.   Defendant Regis Corporation is a 49% owner of the Empire
21  Beauty School Business through its ownership, either directly or
22  through one or more intermediaries, of one or more Empire
23  Corporation defendants and/or one or more of the "John Doe" entity
24  defendants.

25      16.   Defendant Frank Schoeneman ("Schoeneman") is an officer
26  and/or director of one or more of the Empire Corporation defendants
27  and/or one or more of the "John Doe" entity defendants.

28      17.   Defendant Frank Schoeneman is a 51% owner of the Empire

4

1 Beauty School Business through his ownership, either directly or
2 through one or more intermediaries, of one or more Empire
3 Corporation defendants and/or one or more of the "John Doe" entity
4 defendants.

5     18.   Defendant Michael D. Bouman ("Bouman") is the President
6 and Chief Operating Officer of the Empire Beauty School Business as
7 a result of his status as an officer of one or more of the Empire
8 Corporation Defendants.

9     19.   The Empire Beauty School Business is conducted by the
10 defendants in Arizona, Colorado, Florida, Georgia, Illinois,
11 Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan,
12 Minnesota, New Jersey, New York, North Carolina, Ohio, Pennsylvania,
13 Rhode Island, Tennessee, Virginia and Wisconsin.  It maintains over
14 100 places of operation and is the largest beauty school business
15 operation, both in terms of students, revenue, and number of
16 locations, in the United States.  During the time period relevant to
17 this complaint it has operated its business under a variety of names
18 including the Empire Beauty School name.

19              **CLASS ACTION AND REPRESENTATIVE ALLEGATIONS**

20     20.   The named Plaintiffs bring this action on their own
21 behalf, and on behalf of the class of all persons similarly situated
22 and on behalf of the general public.

23     21.   The class consists of all persons who were, as alleged
24 herein, wholly uncompensated employees of the Defendants in their
25 profit making personal services businesses under the FLSA, such
26 class claims being brought pursuant to 29 U.S.C. § 216(b) which
27 authorizes lawsuits on behalf of others similarly situated, such
28 lawsuits often referred to as "collective" and not "class" actions.

1  Some or all of such persons who are alleged to be similarly situated
2  and members of the FLSA class are also entitled to relief under the
3  laws of the States of Arizona, Colorado, Florida, Georgia, Illinois,
4  Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan,
5  Minnesota, New Jersey, New York, North Carolina, Ohio, Pennsylvania,
6  Rhode Island, Tennessee, Virginia and Wisconsin (the "state
7  claims"), as alleged herein.  It is asserted that the state claims
8  are properly subject to class action treatment under FRCP Rule 23
9  for the reasons alleged herein.

10      22.   The class claims asserted in paragraph 21 encompass under
11  the FLSA the time period from three years prior to the commencement
12  of this action through the date of any judgment, such claims
13  encompassing for state law purposes the statute of limitations
14  applicable to each state's law as determined by the date of the
15  commencement of this action through the date of any judgment.

16      23.   The class of persons identified in paragraph 21 is in
17  excess of 1000 and is so numerous that the joinder of each member of
18  the class is impracticable.

19      24.   There is a well-defined community of interest in the
20  questions of law and fact affecting the class the named plaintiffs
21  propose to represent.  The class members' claims against defendants
22  involve questions of common or general interest, in that their
23  claims are based on defendants' failure to pay any wages whatsoever
24  to such persons despite the FLSA's requirement, as alleged herein,
25  that such persons be paid at least the minimum hourly wage provided
26  for in 29 U.S.C. § 206, such conduct also violating the legal
27  obligations imposed upon the defendants under the various state laws
28  alleged herein.   These questions are such that proof of a state of

6

1  facts common to the members of the class will entitle each member of
2  the class to the relief requested in this Complaint.

3      25.  The named plaintiffs will fairly and adequately represent
4  the interests of the class, because the named plaintiffs are members
5  of the class and the claims of the named plaintiffs are typical of
6  the claims of those in the class.  The named plaintiffs have
7  retained experienced counsel competent to represent the class, the
8  adjudication of the putative FRCP Rule 23 class claims on a class
9  action basis is superior to other means of adjudication of such
10  claims and/or is desirable based upon the common actions of the
11  defendants towards the class and/or the risk of inconsistent
12  adjudications and uncertainty regarding the proper standard of
13  conduct by the defendants if such claims were subject to multiple
14  individual litigations and/or the other criteria of FRCP Rule 23 are
15  met warranting the class action certification of such claims.

16      26.  If necessary to preserve the Court's jurisdiction over
17  and power to adjudicate the claims made in this case, and prevent
18  those claims from being subject to individual arbitration, the named
19  plaintiffs expressly stipulate that each of them and each member of
20  the putative class shall limit their individual recovery to the
21  amount that would be within the jurisdiction of the small claims
22  court.

23
24
**RELEVANT FACTS OF THE DEFENDANTS' BUSINESS**
**OPERATIONS AND THE PARTIES' RELATIONSHIP**

25
26
27
    27.  Defendants operate the Empire Beauty School Business as a
for-profit business, meaning it is not registered with, or
recognized by, any State or the United States as a non-profit or
charitable enterprise.

28

7

1     28.   The defendants' Empire Beauty School Business is a for-
2 profit business, meaning the legal entities through which such
3 business is conducted are required by law to file tax information
4 reports or tax returns with the United States Internal Revenue
5 Service and on those filings such entities are not indicated to be a
6 charity or non-profit business within the meaning of the statutes
7 and regulations that govern their obligation to file those reports
8 or returns.

9     29.   The defendants' for-profit activities that are part of
10 the Empire Beauty School Business include providing educational
11 services (the "educational services business") to paying students in
12 the cosmetological trades, which includes training students to
13 practice, as regulated by various state laws, the trades of
14 cosmetology, barbering, esthetics or skin care, makeup artistry and
15 manicuring.

16     30.   The defendants' for-profit activities that are part of
17 the Empire Beauty School Business include the providing of personal
18 services, for a fee, to members of the public (the "personal
19 services business") who in exchange for paying such a fee receive
20 cosmetology, barbering, esthetics or skin care, makeup artistry or
21 manicuring services.

22     31.   The Empire Beauty School's personal services business is
23 designed to generate a profit for defendants and does generate a
24 profit for the defendants and the revenue defendants receive from
25 the fees the Empire Beauty School charges to the public for the
26 personal services provided by such business exceed the value of the
27 materials, if any, that such members of the public consume during
28 the receipt of such services.

1     32.   The Empire Beauty School utilizes the labor of the class
2  members, who have also purchased the educational services provided
3  by the Empire Beauty School, in the Empire Beauty School's personal
4  services business.

5     33.   The class members are paid no compensation by the Empire
6  Beauty School for the labor they provide in Empire Beauty School's
7  personal services business, meaning they receive no payments in
8  United States currency or in instruments that are convertible as a
9  matter of law into such currency in exchange for furnishing such
10  labor.

11     34.   The labor provided by the class members in the Empire
12  Beauty School's personal services business was and is essential to
13  that business, in that the labor needed to provide the personal
14  services to the members of the public, for which such members of the
15  public paid a fee to the Empire Beauty School, was furnished
16  exclusively or predominately by the class members.

17     35.   Without the labor provided by the class members, the
18  Empire Beauty School's personal services business would either cease
19  to operate or it would have to secure labor from other persons who
20  would have to be compensated at a minimum hourly wage as required by
21  the FLSA and such state laws.

22     36.   The Empire Beauty School actively promotes and advertises
23  its personal services business to the public on its website and
24  through other means and induces the purchase of those services by
25  offering them to members of the public at a cost lower than the cost
26  typically charged by other business that provide such services and
27  do not utilize uncompensated labor to provide such services.  The
28  Empire Beauty School website promotes the same by expressly advising

1  that "Empire Beauty School offers a variety of hair services at each
2  of our cosmetology school locations" and by posting a list of many
3  of the typical prices it charges for those services.

4      37.   The Empire Beauty School competes with other profit
5  making businesses that provide the same personal services that it
6  provides to the members of the public, in that members of the public
7  have available to them other providers of such personal services
8  besides the Empire Beauty School who, for a fee, will provide such
9  personal services.

10     38.   The Empire Beauty School is able to advantageously
11 compete with other profit making businesses that provide the same
12 personal services that it provides to the members of the public by
13 charging members of the public lower fees for such services than
14 those charged by its competitors.

15     39.   The Empire Beauty School's ability to provide the same
16 personal services to members of the public as are provided by its
17 competitors, and earn a profit by doing so despite charging less for
18 those services than its competitors, is either substantially or
19 entirely the result of the Empire Beauty School enjoying lower
20 operating costs in its personal services business because it
21 provides such services to the public using the class members' unpaid
22 labor while its competitors must pay at least the minimum hourly
23 wage required by the FLSA or state law to their employees who
24 provide the same labor and services to the public.

25     40.   The Empire Beauty School could have the class members
26 provide personal services to the public without charge, or only for
27 a charge equivalent to the actual cost, if any, of the materials
28 consumed in providing such personal services.

10

1      41.   The defendants have made a conscious decision to not have
2   the class members provide personal services to the public without
3   charge, or only for a charge equivalent to the actual cost, if any,
4   of the materials consumed in providing such personal services.

5      42.   The defendants have made a conscious decision to not have
6   the class members provide personal services to the public without
7   charge, or only for a charge equivalent to the actual cost, if any,
8   of the materials consumed in providing such personal services, and
9   have made that decision so the Empire Beauty School can operate a
10  profit making personal services business that competes with other
11  enterprises that also provide such personal services and are not in
12  the educational services business.

13     43.   While the class members' labor in the Empire Beauty
14  School's personal services business benefits them in securing
15  experience providing such personal services and in achieving their
16  ultimate goal of being licensed to practice their desired
17  occupation, defendants' decision to operate the Empire Beauty
18  School's personal services business as a profit making venture is
19  irrelevant to the class members' education and occupational goals.
20  This is because the class members would enjoy the exact same benefit
21  if the Empire Beauty School did not charge members of the public any
22  fee for such personal services, or if it only charged a fee
23  sufficient to cover the actual cost of the materials, if any,
24  consumed by such members of the public while receiving such personal
25  services.

26     44.   The Empire Beauty School's educational services business
27  neither requires nor benefits from the defendants' decision to
28  charge members of the public for providing personal services and to

11

1 carry on a profit making personal services business utilizing the
2 unpaid labor of the class members.

3     45. The defendants' carrying on of a for profit personal
4 services business, utilizing the unpaid labor of the class members,
5 has the effect of depressing wages and employment opportunities
6 generally among workers who would otherwise provide those personal
7 services. That depression of wages and employment opportunities
8 arises because the Empire Beauty School is paying nothing whatsoever
9 for the class members' labor it uses to provide such services, which
10 in turn results in it being able to conduct a profit making personal
11 services business that charges members of the public less than its
12 competitors must charge, such competitors paying at least the
13 minimum hourly wage required by the FLSA and state law to their
14 employees. Such ability of the defendants to secure labor for the
15 Empire Beauty School's profit making personal services business,
16 without paying at least the minimum hourly wage required by the FLSA
17 and state law for that labor, results in other businesses providing
18 the same personal services and that do pay such minimum hourly wages
19 being unable to increase the wages of their workers above that
20 minimum hourly amount or hire more workers to provide such services.
21 Such other businesses are unable to do those things as a direct and
22 proximate result of defendants' utilization of the class members'
23 unpaid labor in the Empire Beauty School's personal services
24 business and the Empire Beauty School's ability, as a result of such
25 utilization, to sell such personal services to the public for less
26 than such other businesses could charge and still make a profit.

27     46. The amount of hours of unpaid labor that the class
28 members performed in the Empire Beauty School's personal services

1 business is known to the defendants who kept detailed
2 contemporaneous records of those hours of work and in respect to
3 each of the named plaintiffs such hours of work were in excess of
4 500 hours.

### HOW THE RELEVANT FACTS ESTABLISH AN
### EMPLOYMENT RELATIONSHIP FOR THE PURPOSES
### OF THE FLSA AND STATE LAW

47.   The relationship between the Empire Beauty School and the
putative class members, in respect to the labor provided by the
putative class members in the Empire Beauty School's personal
services business, is one of employer and employee for the purposes
of the FLSA and state law.   That employment relationship exists for
the following reasons:

(a) The class members provided labor in the Empire Beauty
School's personal services business that was immediately
advantageous to defendants and the profitability of such
business was substantially or wholly dependent upon such
labor;

(b) The class members, while receiving a benefit from
their labor in the Empire Beauty School's personal
services business in the form of experience that assisted
them in achieving their occupational goals, were
simultaneously conferring a valuable economic benefit
upon the defendants, which were charging the public for
the services of the class members and profiting from such
charges;

(c) The class members' labor in the Empire Beauty
School's personal services business displaced or made
unnecessary the employment of the persons the Empire

13

1   Beauty School would have otherwise had to employ, and pay
2   wages to, for the performance of the labor that the class
3   members furnished and from which the defendants profited;
4   (d) Certain of the class members' labor did not and could
5   not confer any educational or occupational benefit
6   whatsoever upon such class members, in that the class
7   members, or some of them, were required by defendants to
8   spend time not actually performing personal services on
9   customers but performing manual labor or administrative
10   functions including, but not limited to, janitorial,
11   clerical or logistical functions, that were essential and
12   necessary for the conducting of the Empire Beauty
13   School's personal services business but which had no
14   educational purpose or benefit to the class members and
15   for which time expenditures defendants failed and refused
16   to pay the class members any wages whatsoever; and
17   (e) For the reasons stated in paragraph 45, as
18   the Empire Beauty School's utilization of the unpaid
19   labor of the class members in a commercial, for-profit,
20   personal services business depresses the wages of
21   employees in that industry and lessens the employment
22   opportunities in that industry.

23
24
25

**HOW THE RELEVANT FACTS RENDER THE
DEFENDANTS OTHER THAN THE EMPIRE
CORPORATIONS LEGALLY RESPONSIBLE
FOR THE PLAINTIFFS' CLAIMS**

26
27
28

48.    The defendants Regis, Schoeneman and Bouman, by virtue of
their ownership and/or control of the Empire Beauty School Business,
were empowered to make, and did make, the decisions to have the

14

1  Empire Beauty School institute and/or continue the defendants'
2  practices that are alleged to have created an employer and employee
3  relationship between Empire Beauty School and the plaintiffs and the
4  class members for the purposes of the FLSA and state minimum wage
5  laws that are alleged in this complaint, such actions by Regis,
6  Schoeneman and Bouman also causing the violations of the FLSA and
7  state law alleged in this complaint.

8      49.   The defendants Regis, Schoeneman and Bouman, by virtue of
9  their ownership and/or control of the Empire Beauty School Business
10 could have, but did not, make the decision to have the Empire Beauty
11 School discontinue the defendants' practices that are alleged to
12 have created an employer and employee relationship between the
13 Empire Beauty School and the plaintiffs and the class members for
14 the purposes of the FLSA and the state minimum wage laws that are
15 alleged in this complaint, such actions by Regis, Schoeneman and
16 Bouman also causing the violations of the FLSA and state law alleged
17 in this complaint.

18     50.   The defendants Regis, Schoeneman and Bouman, despite
19 having the power to do so, did not direct the Empire Beauty School
20 to discontinue the practices that are alleged to have created an
21 employer and employee relationship between the Empire Beauty School
22 and the plaintiffs and the class members for the purposes of the
23 FLSA and the state minimum wage laws that are alleged in this
24 complaint, such actions by Regis, Schoeneman and Bouman also causing
25 the violations of the FLSA and state law alleged in this complaint.
26 The defendants Regis, Schoeneman and Bouman failed to take such
27 action because doing so would have diminished the profits of the
28 Empire Beauty School and such diminishment of profits would have in

15

1   turn diminished the financial returns enjoyed by defendants Regis,
2   Schoeneman and Bouman from their ownership or control of the Empire
3   Beauty School.

4       51.   The defendants Regis, Schoeneman and Bouman became aware,
5   at least six years prior to the commencement of this action, that
6   the personal services business of the Empire Beauty School was an
7   important and profitable business activity of the Empire Beauty
8   School.

9       52.   The defendants Regis, Schoeneman and Bouman became aware,
10  at least six years prior to the commencement of this action, that
11  the personal services business of the Empire Beauty School relied
12  upon the unpaid labor of the class members.

13      53.   The defendants Regis, Schoeneman and Bouman, after they
14  became aware that the personal services business of the Empire
15  Beauty School relied upon the unpaid labor of the class members,
16  made no attempt to ascertain whether the Empire Beauty School's use
17  in its personal services business of the unpaid labor of the class
18  members was in compliance with the FLSA or the state minimum wage
19  laws in the states where the Empire Beauty School operated.

20      54.   The defendants Regis, Schoeneman and Bouman, after they
21  became aware that the personal services business of the Empire
22  Beauty School relied upon the unpaid labor of the class members, and
23  prior to the occurrence of the injuries sustained by the plaintiffs
24  and the class members, were made aware that the use of unpaid
25  student labor by a private for profit cosmetology school in a profit
26  making personal services business might violate the FLSA.   The
27  defendants Regis, Schoeneman and Bouman, despite that knowledge,
28  made no attempt to change the Empire Beauty School's practice of

1  using uncompensated student labor in a profit making personal
2  services business.

3       55.   The defendants Regis, Schoeneman and Bouman, after they
4  became aware that the personal services business of the Empire
5  Beauty School relied upon the unpaid labor of the class members, and
6  prior to the occurrence of the injuries sustained by the plaintiffs
7  and the class members, were made aware that the use of unpaid
8  student labor by a private for profit cosmetology school in a profit
9  making personal services business either did violate the FLSA or had
10 been found by at least one court to violate the FLSA.   The
11 defendants Regis, Schoeneman and Bouman, despite that knowledge,
12 made no attempt to change the Empire Beauty School's practice of
13 using uncompensated student labor in a profit making personal
14 services business.

15      56.   In light of the foregoing set of facts, the defendants
16 Regis, Schoeneman and Bouman are properly deemed "employers" of the
17 plaintiffs and the class members within the meaning of the FLSA and
18 the state laws alleged in that defendants Regis, Schoeneman and
19 Bouman were acting as decision making "agents of an employer" and
20 were the controlling persons of the Empire Beauty School Business
21 and the beneficial owners of the Empire Beauty School with the power
22 to implement, continue and/or terminate the illegal policies and
23 practices that are alleged to have violated the FLSA and the state
24 laws that are alleged in this complaint.   The defendants Regis,
25 Schoeneman and Bouman not only were vested with such powers, but
26 also knowingly exercised such powers to continue the violations of
27 the FLSA and the state laws that are alleged in this complaint
28 and/or they acquiesced to the continuation of such violations

17

1  despite having the power and duty to prevent and stop the same.  The
2  imposition of such liability upon the defendants Schoeneman and
3  Bouman is also proper because they expressly directed the Empire
4  Corporation Defendants to commit the criminal acts that violated the
5  FLSA and the state laws alleged and as a result should be held
6  civilly liable for such violations of law.

**FIRST CLAIM FOR RELIEF UNDER
THE FAIR LABOR STANDARDS ACT**

57.  Plaintiffs hereby incorporate each and every allegation
contained in this Complaint above and reallege said allegations as
though fully set forth herein.

58.  Pursuant to the applicable provisions of the FLSA, 29
U.S.C. § 206 and § 207, the named plaintiffs and those similarly
situated were entitled to at least the minimum hourly wage, which is
currently \$7.25 an hour, for each hour that they labored in
defendants' personal services business and in the event they worked
more than 40 hours a week an overtime hourly wage of time and one-
half such minimum hourly wage for all hours worked in excess of 40
hours per week.

59.  The named plaintiffs and those similarly situated were
paid no monetary compensation whatsoever by the defendants for
performing labor for the defendants as employees in the defendants'
personal services business, such failure to pay the plaintiffs and
the class members any compensation whatsoever violating the minimum
hourly wage requirements of 29 U.S.C. § 206 and, in the event any of
the class members or plaintiffs ever worked in excess of 40 hours in
a week, the overtime pay requirements of 29 U.S.C. § 207.

60.  Defendants' aforesaid violations of the FLSA were willful

18

1  in that defendants were aware they were running a for profit
2  personal services business and were treating the class members like
3  employees and defendants also were aware that employees of profit
4  making personal services businesses are covered by the minimum
5  hourly wage requirements of the FLSA.

6      61.   The named plaintiffs on behalf of themselves and all
7  other similarly situated persons who consent in writing to join this
8  action, it also being proposed that all such persons be notified of
9  this action through the dispatch of a written notice to the last
10  known names and addresses of such persons that are set forth in the
11  defendants' records or that can otherwise be ascertained, seek, on
12  this First Claim for Relief, a judgment for unpaid minimum wages and
13  overtime wages and additional liquidated damages of 100% of any such
14  unpaid wages, such sums to be determined based upon an accounting of
15  the hours worked by the named plaintiffs and any such other persons
16  who consent to join this action, and the plaintiffs also seek an
17  award of attorney's fees, interest and costs as provided for by the
18  FLSA.

19                    **SECOND CLAIM FOR RELIEF UNDER**
                **STATE LAWS REQUIRING A MINIMUM HOURLY WAGE**
20        **AND UNDER CERTAIN CIRCUMSTANCES AN OVERTIME WAGE**

21      62.   Plaintiffs hereby incorporate each and every allegation
22  contained in this Complaint above and reallege said allegations as
23  though fully set forth herein.

24      63.   The conduct alleged by the defendants also constituted a
25  violation of the laws of the states of Arizona, Colorado, Florida,
26  Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan,
27  Minnesota, New Jersey, New York, Ohio, Pennsylvania, Rhode Island
28  and Wisconsin that require the payment of minimum hourly wages and

19

1    in some instances overtime wages of one and one-half times the

2    minimum hourly wage, and that authorize civil suits to collect the

3    same including, but not necessarily limited to, the following:

4         (a)   Arizona Statutes, §§ 23-363, 23-364 (Requiring payment of

5               minimum hourly wages and providing for enforcement of

6               that right through civil action);

7         (b)   Colorado Statutes Title 8, Article 6, and the Minimum

8               Wage Order(s) issued thereunder, and Section 15 of

9               Article XVIII of Colorado's Constitution providing for

10              the payment of minimum wages;

11        (c)   Florida Constitution Article X, Section 24, providing for

12              the payment of minimum wages;

13        (d)   Illinois Statutes Chapter 820, Section 105 et seq.;

14        (e)   Kentucky Revised Statutes 337.275;

15        (f)   Maine Revised Statutes Title 26, Section 664;

16        (g)   Maryland Labor and Employment Code § 3-413;

17        (h)   Massachusetts Statutes Chapter 151, § 1 (setting forth

18              minimum hourly wage) §§ 1A and 1B; (requiring overtime

19              wages and authorizing civil actions to collect the same);

20              § 20 (authorizing civil actions to enforce minimum hourly

21              wage claims);

22        (i)   Michigan Statutes Section 408.384;

23        (j)   Minnesota Fair Labor Standards Act, Minnesota Statutes

24              Chapter 177;

25        (k)   New Jersey Statutes Section 34:11-56a4;

26        (l)   New York Labor Law Section 652;

27        (m)   Ohio Constitution Section 34a of Article II and Chapter

28              4111 of the Ohio Revised Code;

20

1      (n)    Pennsylvania Statutes, Title 43, Chapter 8, Section
2             333.104;

3      (o)    Rhode Island General Laws § 28-12-3;

4      (p)    Wisconsin Statutes Chapter 104 and applicable provisions
5             of the Wisconsin Administrative Code issued to implement
6             the same.

7      64.    Defendants' alleged conduct has deprived all of the class
8  members who worked for the defendants in the states of Arizona,
9  Colorado, Florida,  Illinois, Kentucky, Maine, Maryland,
10 Massachusetts, Michigan, Minnesota, New Jersey, New York, Ohio,
11 Pennsylvania, Rhode Island and Wisconsin of the minimum wages and in
12 some instances overtime wages owed to such class members pursuant to
13 such states' laws.

14     65.    The named plaintiffs, on behalf of themselves and the
15 plaintiff class, seek a judgment against all defendants for all
16 minimum wages, overtime wages, and liquidated damages and all other
17 damages and monetary relief authorized by the state laws of Arizona,
18 Colorado, Florida,  Illinois, Kentucky, Maine, Maryland,
19 Massachusetts, Michigan, Minnesota, New Jersey, New York, Ohio,
20 Pennsylvania, Rhode Island and Wisconsin for violations of such
21 states' minimum wage or overtime wage payment requirements.

22     66.    The named plaintiffs, on behalf of themselves and the
23 plaintiff class, also seek declaratory and equitable relief in the
24 form of a declaration on the illegality of defendants' practices and
25 in the form of a suitable injunction restraining defendants from
26 continuing to violate the minimum wage and overtime wage payment
27 requirements of the states of Arizona, Colorado, Florida, Illinois,
28 Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, New

21

1  Jersey, New York, Ohio, Pennsylvania, Rhode Island and Wisconsin.

2                          **THIRD CLAIM FOR RELIEF UNDER**
                           **STATE STATUTES REQUIRING THE**
3                    **PAYMENT OF EARNED AND UNPAID WAGES**

4       67.   Plaintiffs hereby incorporate each and every allegation

5  contained in this Complaint above and reallege said allegations as

6  though fully set forth herein.

7       68.   The conduct of the defendants, in failing to pay the

8  minimum hourly wages required by the FLSA and in certain

9  circumstances the law of the state where class members were working,

10  has also violated the requirements of certain state statutes that

11  expressly require the payment of full and properly earned wages to

12  employees, including, but not necessarily limited to, the following:

13       (a)   Arizona Revised Statutes, §§ 23-351, 23-355, 23-353

14             (Requiring semi-monthly payment of wages, payment of

15             wages to terminated employees, providing for statutory

16             claim to recover triple the amount of any unpaid wages);

17       (b)   Colorado Statutes Title 8, Article 4, Sections 103 and

18             110 (Setting forth frequency of required payment of wages

19             and authorizing civil actions to remedy violations);

20       (c)   Georgia Code § 34-7-2;

21       (d)   Illinois Statutes Chapter 820, Section 115/11 et seq.;

22       (e)   Indiana Code 22-2-5-1;

23       (f)   Kentucky Revised Statutes 337.020;

24       (g)   Maine Revised Statutes Title 26, Sections 621-A and 626;

25       (h)   Maryland Labor and Employment code § 3-507 and 3-502.

26       (i)   Massachusetts Statutes Chapter 149, § 148 (requiring

27             regular payment of all earned wages) § 150 (specifying

28             civil action authorized for violations of § 148 and award

                                    22

1            of triple damages);

2       (j)   Michigan Statutes Section 408.384;

3       (k)   Minnesota Statutes § 181.10, 181.171;

4       (l)   New Jersey Statutes §34:11-4.2 and § 34:11-4.7;

5       (m)   New York Labor Law Section 198;

6       (n)   North Carolina General Statutes 95-25.6 through 95-25.12

7             and 95-25.22;

8       (o)   Ohio Revised Code Sec. 4113.15;

9       (p)   Pennsylvania's Wage Payment and Collection Law, Title 43,

10            Chapter 8, Section 43 of Pennsylvania Statutes, including

11            43 P.S. § 260.9a and its other applicable provisions;

12      (q)   Rhode Islands Payment of Wages Law, Rhode Island General

13            Laws Title 28, Chapter 14, including § 28-14-19.2 and its

14            other applicable provisions;

15      (r)   Tennessee Code Annotated § 50-2-103;

16      (s)   Wisconsin Statutes Chapter 109 and applicable provisions

17            thereof including Wis. Stat. § 109.03.

18      69.   Defendants' alleged conduct has deprived all of the class

19 members who worked for the defendants in the states of Arizona,

20 Colorado, Florida, Georgia, Illinois, Indiana, Kentucky, Maine,

21 Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New York,

22 Ohio, North Carolina, Pennsylvania, Rhode Island, Tennessee and

23 Wisconsin of the wages defendants were legally required to pay them

24 pursuant to such states' laws.

25      70.   The named plaintiffs, on behalf of themselves and the

26 plaintiff class, seek a judgment against all of the defendants for

27 all of the wages and liquidated damages and all other damages and

28 monetary relief authorized by the state laws of Arizona, Colorado,

23

1 Florida, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland,
2 Massachusetts, Michigan, Minnesota, New Jersey, New York, Ohio,
3 North Carolina, Pennsylvania, Rhode Island, Tennessee and Wisconsin
4 as a result of defendants' failure to pay the named plaintiffs and
5 class members the wages defendants were legally required to pay them
6 pursuant to such states' laws.

7     71.   The named plaintiffs, on behalf of themselves and the
8 plaintiff class, also seek declaratory and equitable relief in the
9 form of a declaration on the illegality of defendants' practices and
10 in the form of a suitable injunction restraining defendants from
11 continuing to fail to pay the wages of the class members, as
12 required by the laws of Arizona, Colorado, Florida, Georgia,
13 Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts,
14 Michigan, Minnesota, New Jersey, New York, Ohio, North Carolina,
15 Pennsylvania, Rhode Island, Tennessee and Wisconsin.

16
17
**FOURTH CLAIM FOR RELIEF UNDER
STATE STATUTES IMPOSING PENALTIES OR
CONTINUING WAGE PAYMENT OBLIGATIONS**

18     72.   Plaintiffs hereby incorporate each and every allegation
19 contained in this Complaint above and reallege said allegations as
20 though fully set forth herein.

21     73.   The conduct of the defendants, in failing to pay the
22 wages of the plaintiffs and the class members as required by the
23 laws of the states where certain class members were working, has
24 also made the defendants become liable to such class members for the
25 payment of additional penalties provided for by statute and/or
26 continuing wages to such persons or other monetary damages,
27 including, but not necessarily limited to, the following:

28     (a)   Arizona Revised Statutes, § 23-355 (providing for triple

24

1     damages on unpaid wage claims);

2     (b)   Colorado Statutes Title 8, Article 4, Section 109;

3     (c)   Illinois Statutes Chapter 820, Sections 120/12(a) and

4           115/14(a) et seq.;

5     (d)   Indiana Code 22-2-5-1, 22-2-9-4 & 22-2-5-2;

6     (e)   Kentucky Revised Statutes 337.385(1);

7     (f)   Maine Revised Statutes Title 26, Section 626;

8     (g)   Maryland Labor and Employment code § 3-507.1(b);

9     (h)   Massachusetts Statutes Chapter 149, § 148 (requiring

10          regular payment of all earned wages) § 150 (specifying

11          civil action authorized for violations of § 148 and award

12          of triple damages);

13    (i)   Michigan Statutes Section 408.393;

14    (j)   Minnesota Statutes § 181.13;

15    (k)   New York Labor Law Section 198;

16    (l)   North Carolina General Statutes 95-25.22;

17    (m)   Pennsylvania's Wage Payment and Collection Law, Title 43,

18          Chapter 8, Section 43 of Pennsylvania Statutes, including

19          43 P.S. § 260.10 and its other applicable provisions;

20    (n)   Wisconsin Statutes 109.11.

21    74.   Defendants' alleged conduct, in failing to pay the class
22    members who worked for the defendants in the states of Arizona,
23    Colorado, Illinois, Indiana, Kentucky, Maine, Maryland,
24    Massachusetts, Michigan, Minnesota, New York, North Carolina,
25    Pennsylvania and Wisconsin the wages defendants were legally
26    required to pay them either under the laws of such states or the
27    FLSA has given rise to a claim for monetary damages, in an amount in
28    addition to such unpaid wages, pursuant to such states' laws.

1       75.   The named plaintiffs, on behalf of themselves and the
2   plaintiff class, seek a judgment against all defendants for all
3   damages and monetary relief authorized by the state laws of
4   Arizona, Colorado, Illinois, Indiana, Kentucky, Maine, Maryland,
5   Massachusetts, Michigan, Minnesota, New York, North Carolina,
6   Pennsylvania and Wisconsin, alleged in this claim for relief, the
7   same arising as a result of defendants' failure to pay the
8   plaintiffs and the class members the wages defendants were legally
9   required to pay them pursuant to such states' laws or the FLSA.
10      NOW THEREFORE, Plaintiffs pray for relief for themselves and
11  all class members as follows:
12
13      1.    Judgment against all defendants for unpaid minimum wages
14  and overtime wages and additional liquidated damages of 100% of any
15  unpaid minimum wages and overtime wages pursuant to the FLSA along
16  with an award of costs and attorney's fees;
17
18      2.    Judgment against all defendants for unpaid minimum wages
19  and overtime wages as required by the applicable state laws
20  governing defendants in the states where defendant employed the
21  plaintiffs and the class members;
22
23      3.    Judgment against all defendants for continuing wages and
24  statutory penalties and damages as required by the applicable state
25  laws governing defendants in the states where defendants employed
26  the plaintiffs and the class members;
27
28      4. Equitable, declaratory and injunctive relief including

26

1  restitution and restraint of defendants' actions in the future under
2  applicable state laws;

3

4     5. Costs, litigation expenses and disbursements, interest and
5  reasonable attorney's fees; and

6

7     6. Such further relief the court deems just and reasonable.

8     Plaintiffs also demand a trial by jury on all claims subject to
9  a trial by jury.

10 Dated this 24th day of October, 2013

11                          Leon Greenberg, Esq.

12                    By: _____
13                          Leon Greenberg, Esq.
                            2965 South Jones Boulevard E-4
14                          Las Vegas, NV 89146
                            (702) 383-6085
15                          leongreenberg@overtimelaw.com
                            Attorney for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT TO JOINDER

Sabrina Penceal, by signing
below, hereby consents to join this case as a plaintiff pursuant
to 29 U.S.C. 216(b).


_____
Sabrina Penceal

CONSENT TO JOINDER

Shireef Jones, by signing below,

hereby consents to join this case as a plaintiff pursuant to 29

U.S.C. 216(b).

Shireef Jones

CONSENT TO JOINDER

Kristy Waldrip, by signing below,
hereby consents to join this case as a plaintiff pursuant to 29
U.S.C. 216(b).

_____
Kristy Waldrip