NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

ANTHONY J. RAO
DIRECT DIAL: (212) 692-1086
PERSONAL FAX: (212) 208-2575
E-MAIL: arao@duanemorris.com

*www.duanemorris.com*

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

December 13, 2013

VIA ECF

Hon. William H. Pauley III
United States District Court
Southern District of New York
Courtroom 20B
500 Pearl St.
New York, NY 10007-1312

   Re: **Sabrina Penceal et al., v. Empire Beauty School, Inc., et al.; SDNY Case No: 13-cv-7572 (WHP)**

Dear Judge Pauley:

  This letter is sent pursuant to Your Honor's Individual Practices. The law firm of Duane Morris LLP has been retained to represent individual defendants Frank Schoeneman and Michael D. Bouman in the above-referenced purported class and collective action, and is in the process of finalizing its retention by corporate defendants Empire Beauty School, Inc., EEG Inc., EEG LLC, Chic Schools, Inc., Empire Education Group, Inc., and Regis Corporation.

  Neither Frank Schoeneman nor Michael Bouman - nor any defendant - have waived service of the summons and complaint. On December 9, 2013, plaintiffs filed an affidavit of service for Messrs. Schoeneman and Bouman. The affidavits state the process servicer provided the summons and complaint to "Joanne Maley, Human Resources Supervisor." It is questionable whether this constitutes effective service on an individual under state or federal law. Plaintiffs have not yet filed an affidavit of service for corporate defendants Empire Beauty School, Inc., EEG Inc., EEG LLC, Chic Schools, Inc., Empire Education Group, Inc., and Regis Corporation.

  As such, and because Duane Morris has not finalized its retention by all of the corporate defendants, yesterday Duane Morris sought from plaintiffs' counsel a 30-day extension of time within which to file and serve responsive pleadings. Although plaintiffs' counsel was willing to provide a two-week extension, he would not grant any further extension without discussions of

DuaneMorris

Hon. William H. Pauley III
December 13, 2013
Page 2

defendants agreeing to conditional tolling of the FLSA statute of limitations period for an equal amount of time for purported collective action members who have yet to opt-in.

FLSA collective actions are governed by 29 U.S.C. § 216(b), which provides that any "similarly situated" putative class member who wishes to join a putative collective action must affirmatively opt-in to the litigation. The statute further provides specific directives as to when the statute of limitations is tolled in collective actions. Under the FLSA, the statute of limitations for putative collective action members is not tolled with the filing of the original complaint. *See* 29 U.S.C. § 256(a)-(b). Rather, the statute of limitations for each putative collective action member is tolled only upon the filing of his or her individual written consent to join the action. *See* 29 U.S.C. § 256(b); 29 C.F.R. §§ 790.20; 790.21. Thus, plaintiffs' request that defendants agree to some FLSA tolling for putative collective members in exchange for receiving a reasonable amount of time to respond to the complaint is not grounded in law.

On a more basic level, Duane Morris has not finalized its retention by all corporate defendants as of today's date, and has not engaged in any investigation of the merits or lack thereof of the complaint's allegations. The complaint, which contains 74 detailed paragraphs and subparts, purports to bring a nationwide FLSA Rule 216(b) collective action and a Rule 23 class action under the laws of Arizona, Colorado, Florida, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, Tennessee, Virginia, and Wisconsin.

Defendants formally request a 30-day extension of time within which to file their responsive pleadings. Assuming service was effective on Messrs. Schoeneman and Bouman on December 3, 2013, the due date for filing their responsive pleadings is December 24, 2013. Each defendant requests an extension of time until January 24, 2014 within which to file their responsive pleadings. There have been no previous requests for any extension of any deadline in this matter. As set forth above, plaintiffs' counsel consents to a two-week extension of time to respond to the complaint, but is not currently agreeable to a longer extension..

Sincerely,

DUANE MORRIS LLP

Anthony J. Rao
Partner

ajr