NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

MICHAEL TILIAKOS
DIRECT DIAL: + 212 692 1045
PERSONAL FAX: +1 212 202 6231
*E-MAIL:* mtiliakos@duanemorris.com

*www.duanemorris.com*

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

February 21, 2014

VIA ECF

Hon. William H. Pauley III
United States District Court
Southern District of New York
Courtroom 20B
500 Pearl Street
New York, NY 10007-1312

>      Re:    **Sabrina Penceal et al., v. Empire Beauty School, Inc., et al.; SDNY Case No:
>             13-cv-7572 (WHP)**

Dear Judge Pauley:

      The law firm of Duane Morris LLP represents defendants Empire Beauty School, Inc., EEG Inc., EEG LLC, Chic Schools, Inc., Empire Education Group, Inc., Regis Corporation, Frank Schoeneman and Michael D. Bouman (collectively "Defendants") in the above-referenced purported class and collective action. This letter is sent pursuant to Your Honor's Individual Practices to request a pre-motion conference on Defendants' proposed motion to dismiss, which as set forth below, addresses various fatal deficiencies in Plaintiffs' Complaint.

      Plaintiffs are former cosmetology **students** of Defendant Empire Beauty School, Inc. Plaintiffs' First Amended Complaint ("FAC") purports to bring a nationwide FLSA 216(b) collective action and a Rule 23 class action under the laws of Arizona, Colorado, Florida, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, Tennessee, Virginia, and Wisconsin, requesting that the Court recast their former relationship with their school from that of "student-school" to "employee-employer" and award them wages for the time they spent learning and training in the school's classrooms and clinics in order to complete the mandatory state-regulated curriculum required to obtain their cosmetology license from the state.

      Defendants had been engaging in ongoing discussions with Plaintiffs' counsel regarding a proposal to address the dispositive threshold issue in this case: whether tuition-paying students

**DuaneMorris**

Hon. William H. Pauley III
February 21, 2014
Page 2

performing hands-on training in student salon clinics for which they receive academic credit for purposes of meeting state cosmetology licensure requirements have an "employer-employee" relationship with their school. To address this threshold issue, Defendants offered to Plaintiffs that, in the alternative to filing a 12(b)(6) motion, Defendants were open to a limited 6-month discovery period, focused solely on the student/employer-employee issue, with Defendants to file a motion for summary judgment on the student/employer-employee within 60 days after the conclusion of the limited discovery period (with all other aspects of this litigation stayed until this Court issues a decision on the summary judgment motion). Under this proposal, Defendants would agree to toll the statute of limitations for all putative class members until filing of Plaintiffs' FLSA § 216(b) conditional certification motion, such that there would be no prejudice to potential putative class members. Despite what Defendants believed to be ongoing, fruitful negotiations, and agreement by the same Plaintiffs' counsel to an almost identical proposal in an almost identical lawsuit he filed against another cosmetology school in the Northern District of Illinois (*see* Exhibit A), Plaintiffs will not agree to this proposal. Defendants therefore request that the Court consider entering an order embodying Defendants' sensible proposal, which will allow the Court to decide the threshold student-employee/employer issue at the outset of this litigation. Defendants would be happy to discuss this proposal further at the pre-motion conference on the Motion to Dismiss set forth below.

Defendants respectfully request the Court's permission to file a motion to dismiss Plaintiffs' FAC as it fails to state any plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The primary deficiency of the FAC is that Plaintiffs' repetitive legal conclusions and boilerplate allegations fail to state facts that adequately plead an employment relationship with any of the eight (8) Defendants named. The basic prerequisite for any FLSA (or state wage/hour) lawsuit is an employment relationship between the plaintiff and defendant. *See, e.g., Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. N.Y. 2013) (noting that "Plaintiffs' actual and direct employer is an essential element of notice pleading" in a claim for unpaid overtime wages). Here, rather than identify an alleged "employer", Plaintiffs make their allegations against either all eight (8) "defendants", or against the "Empire Beauty School" or the "Empire Beauty School Business" which are not Defendant Empire Beauty School, Inc., but as defined by Plaintiffs are "[t]he activities...conducted by one or more of the defendants...". (FAC ¶ 14). Plaintiffs thus allege throughout the FAC that they were somehow employed by "the **activities**" of "**one or more** of the defendants." (*Id.*) For instance, Paragraph 48 of the FAC conclusorily provides that "[t]he relationship between the **Empire Beauty School** and the putative class members . . . is one of employer and employee for purposes of the FLSA and state law. (FAC ¶ 48) (emphasis added). Plaintiffs also provides that it was the "**Empire Beauty School**" (i.e., "the activities") to which they allegedly provided labor without compensation. (FAC ¶ 33) ("**The Empire Beauty School** utilizes the labor of the class members . . . .") (emphasis added); (FAC ¶ 34) ("The class members are paid no compensation by the **Empire Beauty School** for the labor they provide . . . .") (emphasis added); (FAC ¶ 46) ("That depression of wages and employment opportunities arises because the **Empire Beauty School** is paying nothing whatsoever for the class members' labor it uses to provide such services . . . .") (emphasis added). The Plaintiffs repeatedly direct their allegations against "activities" allegedly

DuaneMorris

Hon. William H. Pauley III
February 21, 2014
Page 3

conducted by "one or more of the defendants," not specifically against any of the eight (8) defendants.

Nowhere in the FAC do Plaintiffs make the allegation required of every FLSA plaintiff – that each of the eight (8) named Defendants was an "employer" of Plaintiffs – much less plead the facts required to establish such an allegation. Where, as here, a complaint fails to plead facts sufficient to shed light on these factors to establish an employment relationship with each defendant, courts do not hesitate to dismiss under Rule 12(b)(6). *See e.g., Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342(SJF)(ARL), 2012 U.S. Dist. LEXIS 103052, *11-12 (E.D.N.Y. July 24, 2012) (dismissing FLSA claims against various entities and senior corporate officers because of the lack of specific allegations addressing the employment relationship, noting that the complaint included "no facts that indicate . . . any direct role in hiring or firing the plaintiffs or that [one of the defendants] supervised or controlled their work schedules." Nor did the complaint allege "any direct role in controlling the plaintiffs' conditions of employment or in determining their rate and method of payment.").[1]

In addition to the above, the FAC suffers from additional deficiencies that require the dismissal of Plaintiffs' state law claims. First, the FAC makes clear that there are no plaintiffs who ever attended school in Arizona, Florida, Illinois, Maine, Maryland, Massachusetts, Minnesota, New Jersey, Ohio, or Rhode Island. (FAC ¶¶ 4–7.) The named Plaintiffs do not have standing to bring any claims under the laws of these states where they never attended Defendants' schools, and all state law claims brought under the laws of these states must be dismissed. *Parks v. Dick's Sporting Goods, Inc.*, 2006 U.S. Dist. LEXIS 39763 (W.D.N.Y. 2006) (dismissing non-New York state law claims because the named plaintiff in the proposed class action lacked standing to assert state-law claims arising under the laws of states other than New York, since he was never employed by the employer anywhere other than New York). Second, as will be further set forth in Defendants' motion to dismiss, many of these states have state specific statutes, regulations or case law that wholly negate Plaintiffs' claims. For example, in *Industrial Commission v. American Beauty College, Inc.*, 167 Colo. 269 (Colo. 1968), the Colorado Supreme Court held as a matter of state law that there is no relationship of master and servant or employer and employee between beauty schools and their students.

For the reasons set forth above, Defendants respectfully request a pre-motion conference regarding their anticipated Motion to Dismiss and the proposal set forth in the third paragraph of this letter to address the "student-employee/employer" threshold issue.

---

[1] In addition, Plaintiffs' FLSA and NYLL claims for overtime fail to meet the pleading standards for such claims as they merely plead that they will seek overtime "in the event" plaintiffs or class members worked any overtime. (FAC ¶ 59.) *See Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d Cir. 2013) ("in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.").

Hon. William H. Pauley III
February 21, 2014
Page 4

DuaneMorris

Sincerely,

Michael Tiliakos

cc:     Leon Greenberg, Esq. (counsel for Plaintiffs)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Venetia Hollins, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Regency Corporation, et al.,<br><br>Defendants. | No. 1:13-cv-07686<br><br>Judge John J. Tharp, Jr. |

**JOINT MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER**

Plaintiffs and defendants respectfully submit this Joint Motion for Entry of a Case Management Order. Through this Motion, the parties request that the Court enter a case management order under which the parties will litigate the merits of the named plaintiffs' individual claims through summary judgment on liability before engaging in conditional or class certification proceedings. In support of this Motion, the parties state as follows:

1. This case involves putative class and collective action claims by the plaintiffs for allegedly unpaid minimum wages and other related relief under the Fair Labor Standards Act ("FLSA") and various state laws.

2. On January 13, 2014, consistent with Rule 26(f), the parties began to engage in discussions regarding a potential agreement to submit a joint proposed case management plan. Through those discussions, the parties have agreed to what they believe is an efficient and equitable approach for litigating this case. Specifically, the parties have agreed to a proposed case management plan under which the Court would stay all conditional and class certification

1

proceedings while the parties first litigate through summary judgment the liability issues raised by the named plaintiffs' individual claims. This proposed approach is consistent with the approach taken by other courts within the Seventh Circuit and elsewhere. The proposed case management plan is comprised of the components discussed below.

## I.   CLASS AND COLLECTIVE ACTION CERTIFICATION MOTIONS STAYED

3.   Discovery and briefing related to plaintiffs' pending motion for class and collective action certification (Dkt. Nos. 6, 9) shall be stayed until the Court rules on summary judgment motions on liability with respect to the four named plaintiffs' claims.[1]

4.   In the event the Court later grants a motion for FLSA collective action certification, the statute of limitations applicable to the claims of all such collective action members who file a valid "opt in" form in this action shall be tolled from the date the Court enters a case management order adopting the plan proposed herein until the Court rules on the parties' summary judgment motions as to the four named plaintiffs' claims. Nothing in this paragraph shall be construed as an agreement by either party for tolling (or the absence of tolling) beyond such time period.

5.   By agreeing to the above tolling provision, defendants do not waive any objections they may have to Federal Rule of Civil Procedure 23 class certification or FLSA collective action certification, except that they expressly waive any argument that such certification is improper because it would permit putative class members to choose to participate in the class based upon their knowledge of the Court's prior summary judgment ruling and thus would amount to permitting a so-called, and disfavored, "one way" intervention (as discussed by

---

[1] One issue in this action is whether defendant Batson is an "employer" within the meaning of the FLSA and/or applicable state law. If the Court determines that Regency is not an "employer" with respect to the named plaintiffs, then the same conclusion necessarily applies to Batson. Accordingly, the parties agree that the issue of whether Batson is an "employer" should also be deferred until after the Court rules on summary judgment as to Regency's liability on the named plaintiffs' individual claims.

2

the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 547 (1974) and other cases).

## II.   MERITS DISCOVERY AND SUMMARY JUDGMENT AS TO THE FOUR NAMED PLAINTIFFS' CLAIMS

6.   The parties will engage in an initial phase of discovery limited to the merits of the four named plaintiffs' individual FLSA and state law claims and defendant Regency's alleged liability with respect to those claims.

7.   The following deadlines shall govern discovery through motions for summary judgment on liability as to the named plaintiffs' individual claims. Plaintiffs' counsel believes these deadlines are very likely overly ambitious given the scope of discovery contemplated and the issues presented by this litigation and the discovery disputes they envision developing:

- Exchange of Rule 26(a)(1) initial disclosures: 14 days after entry of the case management order.

- Issuance of Rule 33, Rule 34, and Rule 36 discovery: No later than 60 days before the close of fact discovery.

- Close of fact discovery: 120 days after entry of the case management order.

- Plaintiffs' expert report: 45 days after the close of fact discovery.

- Defendants' expert report: 30 days after plaintiffs' expert report.

- Close of expert discovery: 90 days after plaintiffs' expert report.

- Motions for summary judgment: 45 days after the close of expert discovery; response briefs 30 days later; reply briefs 30 days after response briefs.

### III. A NEW CASE MANAGEMENT PLAN WILL ISSUE AFTER THE COURTS' SUMMARY JUDGMENT RULING(S)

8. Upon ruling on the parties' motions for summary judgment, the Court will schedule a status hearing, if necessary, for purposes of establishing deadlines to govern the remainder of the litigation through trial.

WHEREFORE, the parties jointly and respectfully request that the Court enter a case management order adopting the proposed plan above.

Respectfully submitted,

| PLAINTIFFS | DEFENDANTS |
|---|---|
| by: s/ Leon Greenberg | by: s/ Christopher J. Boran |
| Leon Greenberg<br>Attorney at Law<br>2965 S. Jones Boulevard<br>Suite E-4<br>Las Vegas, NV 89146<br>(702) 383-6085<br>Email:<br>leongreenberg@overtimelaw.com | Sari M. Alamuddin<br>Christopher J. Boran<br>Erin J. Hendrix<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 324-1000<br>Facsimile: (312) 324-1001<br>salamuddin@morgalewis.com<br>cboran@morganlewis.com<br>ehendrix@morganlewis.com |
| Christian James Gabroy<br>Law Office of Robert Orman<br>One North LaSalle Street<br>Suite 1775<br>Chicago, IL 60602<br>(312) 372-0515<br>Email: christian@gabroy.com | Sam S. Shaulson (admitted *pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>sshaulson@morganlewis.com |
| Robert Orman (Lead Counsel)<br>Law Office of Robert Orman<br>One North LaSalle Street<br>Suite 1775<br>Chicago, IL 60602<br>(312) 372-0515<br>Email: roblaw@aol.com | |

**CERTIFICATE OF SERVICE**

I, Christopher J. Boran, an attorney, certify that I filed the foregoing via the Court's CM/ECF filing service, which in turn sent notification to the following:

Christian James Gabroy
Law Office of Robert Orman
One North LaSalle Street
Suite 1775
Chicago, IL 60602
(312) 372-0515
Email: christian@gabroy.com

Robert Orman
Law Office of Robert Orman
One North LaSalle Street
Suite 1775
Chicago, IL 60602
(312) 372-0515
Email: roblaw@aol.com

Leon Greenberg
Attorney at Law
2965 S. Jones Boulevard
Suite E-4
Las Vegas, NV 89146
(702) 383-6085
Email: leongreenberg@overtimelaw.com

on this 18th day of February, 2014.

s/ Christopher J. Boran