# LEON GREENBERG
Attorney at Law
2965 South Jones Boulevard • Suite E-4
Las Vegas, Nevada  89146
(702) 383-6085

Leon Greenberg
Member Nevada, California
New York, Pennsylvania and New Jersey Bars
Admitted to the United States District Court of Colorado

Dana Sniegocki
Member Nevada and California Bars

Fax: (702) 385-1827

February 24, 2014

VIA ECF

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, New York 10007-1312

      Re: Penceal v. Empire Beauty School, Case No.: 13-CV-7572 (WHP)
          Defendants' Letter Seeking a Pre-Motion Conference on their
          Proposed Motion to Dismiss, Docket #57

Dear Judge Pauley:

      I write in response to the February 21, 2014 letter of the defendants seeking permission to file a motion to dismiss under FRCP Rule 12(b)(6).  Subject to the Court's case management prerogatives in respect to timing, defendants have the right to raise the arguments they outline in their letter.  Nonetheless, plaintiffs believe the Court should be aware that a significant legal precedent supports plaintiffs' claims.  *See*, *Houle v. Duvall*, 111 N.H. 333, 334-35 (Sup. Ct. N.H. 1971) *cert denied* 409 U.S. 891 (1972), citing *Walling v. Portland Terminal*, 330 U.S. 148 (1947) (Cosmetology students are employees for purposes of Fair Labor Standards Act if "they perform services for which the schools receive pecuniary gain" in a fee for service, for profit, beauty salon).

      In respect to defendants' claim the complaint fails to identify any proper "employer" defendant(s), the complaint makes clear the "employer" here is the entity or entities and individuals responsible for managing, operating, and creating the policies that resulted in the employment of the plaintiffs in defendants' for profit, fee for service, salons.  Each defendant's involvement with the salons cannot be known without discovery, as defendants do not publicize the various actions and responsibilities of their



operating entities and officers. This "employer identification" issue is better addressed upon a full and proper, post-discovery, record. Similarly, defendants' assertion various state law class claims are improper because no current named plaintiffs worked at salons within those states, or such claims cannot be made under a particular state's law, is more efficiently addressed at the class certification or summary judgment stages.[1]

Defendants, prior to their February 24th letter, had proposed to plaintiffs that they would not file a motion to dismiss if plaintiffs waived their rights to normal discovery under the Federal Rules of Civil procedure. Plaintiffs, for a number of reasons, declined defendants' invitation to bifurcate discovery and engage in six months of "merits only" discovery at the end of which defendants would move for summary judgment.

First, as indicated above, plaintiffs' complaint more than adequately sets forth viable claims and defendants' proposed motion to dismiss involves issues better resolved at the class certification and summary judgment stages.

Second, bifurcation would be unfair and inefficient. Prior to *Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011), defendants frequently sought to bifurcate proposed class actions into so-called "class" and "merits" discovery. Such bifurcation was often rejected by district courts who found that the distinction between so-called "merits" and "class" discovery was largely artificial because the same discovery was often relevant to both issues. Bifurcation was held to be inefficient and create disputes among the parties as to whether particular discovery was "merits" discovery, "class" discovery, or both. *See, In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989 (E.D. Pa. Nov. 29, 2004) at *9-10 (Discovery bifurcation rejected because of prospect it would delay litigation and "belie principles of judicial economy" by forcing the Court to resolve "disputes over what is 'merit' discovery as compared to 'class' discovery") *See, also, In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 173-174 (D.D.C. 2009)(Same) and *Newberg on Class Actions* § 9:44 (4th Ed. 2006) (Class certification resolution "may require some discovery on the 'merits' and development of the basic issues" and that class related discovery is not necessarily wasteful even if class certification is denied "for in many cases this information will be valuable as circumstantial evidence.")

*Dukes* held that a district court could examine so-called "merits" issues in deciding whether to certify a class under FRCP Rule 23, 131 S. Ct. at 2551-2552. As a result,

---

[1] Defendants' assertion that the plaintiffs seek payment for the time spent "learning" in "the school's classrooms" is a grievous distortion of the complaint's allegations; no such absurd claim is made.

numerous post-*Dukes* decisions have denied requests for the bifurcation of discovery between "merits" and "class" issues. Put more simply, *Dukes* removed any rationale for bifurcation of so-called "merits" and "class" discovery. *See, Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298-300 (S.D.N.Y. 2012) (Finding that post-*Dukes* the district courts "are reluctant to bifurcate class-related discovery from discovery on the merits.") *See also New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 U.S. Dist. LEXIS 35644 (N.D. Ill. Feb. 20, 2013) at *9-11 (Same).

As an alternative to the inefficient bifurcation approach proposed by defendants, plaintiffs proposed:

(1) Plaintiffs would consent to defendants filing their motion to dismiss with the parties working out an amicable briefing schedule;

(2) That plaintiffs would file a motion for conditional notice certification of their FLSA collective action (to preserve the statute of limitations for persons who chose to make FLSA "opt in" claims), but plaintiffs would defer that motion if defendants agreed to toll the FLSA statute of limitations;

(3) Discovery on all relevant issues would proceed simultaneously, as per the federal rules, under a schedule determined by the court.

Counsel for defendants, Duane Morris, as demonstrated in the attached, has agreed to this same proposal in a cosmetology school case currently pending in the Eastern District of Pennsylvania: *Jochim v. Jean Madeline Education Center of Cosmetology, Inc., et al.*, Civil Action No. 2:13-cv-6564 (E.D. Pa 2014). Defendants' claim that plaintiffs' counsel in this case has agreed to bifurcated discovery in another cosmetology school case in the Northern District of Illinois is incorrect. While I am co-counsel in that case, lead counsel in that case is not plaintiffs' counsel in this case.

In sum, plaintiffs will work to cooperatively formulate a briefing schedule on the proposed motion to dismiss if the Court directs it to proceed at this time. Plaintiffs oppose any bifurcation of so-called "merits" and "class" issues as proposed by defendants for the reasons set forth above.

Respectfully Submitted,

Leon Greenberg

**Stephen Denittis**

| | |
|---|---|
| **From:** | Austin, Caroline M. <CAustin@duanemorris.com> |
| **Sent:** | Tuesday, January 21, 2014 1:43 PM |
| **To:** | Shane T. Prince; Durham, Christopher D. |
| **Cc:** | Joe Osefchen; Stephen Denittis; Cramp, Edward M. |
| **Subject:** | RE: Motion to Dismiss |

We spoke with our client regarding withdrawal of the motion for conditional certification without prejudice and tolling and they have agreed to the terms we discussed yesterday. Per our agreement, plaintiff will withdraw the motion for conditional certification without prejudice in exchange for defendants' agreement to toll the SOL for the putative class members FLSA claims. The period of tolling on which we have agreed is from the date the complaint was filed, which is November 12, 2013, through the date Plaintiff re-files her motion for conditional certification, which we have agreed will not be until after the Court decides the pending motion to dismiss and the pleadings are closed. Further, defendants have agreed not to make an offer of judgment to satisfy the Plaintiff's claims during the tolling period.

Given that your response to the opposition to Motion for conditional certification is due Friday, we would recommend not including this in the consent order. Plaintiff has the right to withdraw the motion without prejudice and we have agreed it will be without prejudice and tolling – you run the risk of the Judge denying this.

Get home safely.

**Caroline M. Austin**
Partner

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
P: +1 215 979 1887
F: +1 215 405 3936

caustin@duanemorris.com
www.duanemorris.com

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.