| | | |
|---|---|---|
| NEW YORK |  | BALTIMORE |
| LONDON | | WILMINGTON |
| SINGAPORE | | MIAMI |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | BOCA RATON |
| CHICAGO | | PITTSBURGH |
| WASHINGTON, DC | | NEWARK |
| SAN FRANCISCO | MICHAEL TILIAKOS | LAS VEGAS |
| SILICON VALLEY | PERSONAL FAX: +1 212 202 6231 | CHERRY HILL |
| SAN DIEGO | *E-MAIL:* mtiliakos@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | www.duanemorris.com | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| ATLANTA | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |

March 3, 2014

VIA ECF

Hon. William H. Pauley III
United States District Court
Southern District of New York
Courtroom 20B
500 Pearl Street
New York, NY 10007-1312

      Re:    **Sabrina Penceal et al., v. Empire Beauty School, Inc., et al.; SDNY Case No: 13-cv-7572 (WHP)**

Dear Judge Pauley:

      This letter is sent in response to Plaintiffs' February 25, 2014 letter seeking permission to file a conditional certification motion under 29 U.S.C. § 216(b) and in anticipation of the March 14, 2014 pre-motion conference. While Defendants look forward to discussing Plaintiffs' letter at the conference on March 14, 2014, Defendants wanted to take this opportunity to show the Court that (1) Plaintiffs' request to file a conditional certification motion is premature and will waste scarce judicial resources; and (2) in contrast, Defendants' proposal to address the dispositive threshold issue in this case – the student/employer-employee relationship – presents an efficient and fair approach that accords with the relevant procedural rules, applicable case law, and sound principles of efficient case management.

      Having evaluated the allegations in Plaintiffs' First Amended Complaint, Defendants respectfully submit that the Court should stay briefing and discovery related to Plaintiffs' anticipated conditional certification motion to allow the parties to litigate the threshold issue of the student/employer-employee relationship. The basic prerequisite for an FLSA (or state wage/hour) lawsuit is an employment relationship between the plaintiff and defendant. It is Defendants' view that Plaintiffs cannot be deemed "employees" for any part of their state mandated schooling and, thus, their claims are without merit. Indeed, courts have repeatedly held that students in training, vocational, or educational programs are not employees and thus need not be paid wages. *See, e.g.*, *Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518,

DuaneMorris

Hon. William H. Pauley III
March 3, 2014
Page 2

530-532 (6th Cir. 2011) (boarding school students who worked in a school-operated sanitarium and grew flowers and produce the school sold to the public as part of a curriculum to develop vocational skills were not employees under the FLSA); *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005) (manual labor performed by students as part of the school's educational curriculum and from which the school benefited financially was not compensable); *Reich v. Parker Fire Dept.*, 992 F.2d 1023 (10th Cir. 1993) (trainees in fire department training program were not employees); *Donovan v. Trans World Airlines, Inc.*, 726 F.2d 415, 416 (8th Cir. 1985) (participants in TWA's flight attendant training academy were not employees); *Lane v. Carolina Beauty Sys., Inc.*, 1992 U.S. Dist. LEXIS 15338, *6-7 (M.D.N.C. July 2, 1992) (student receiving training to become a cosmetology teacher, which included preparing lesson plans, teaching students, preparing and administering exams, and opening and closing the school, was not an employee of cosmetology school). There is no dispute here that all of time spent in the student salon by the named plaintiffs and the members of the putative class was done in furtherance of their education in order to qualify to become licensed cosmetologists as required by state law. E.g. 12 N.Y. Comp. Codes R. & Regs. § 142-1.1 et seq; 19 N.Y. Comp. Codes R. & Reg. §§ 160 et seq., 162 et seq.

By litigating the student/employer-employee issue through summary judgment first, the parties can efficiently – over a period of six months – focus their discovery efforts on the nature of the academic and practical training Plaintiffs received, without the need to engage in expensive and time-consuming briefing and discovery related to conditional and class certification. This approach will also conserve the Court's resources by potentially avoiding the need to address separate briefs and any disputes that may arise with respect to class discovery. Moreover, if Defendants prevail on the student/employer-employee issue, Plaintiffs will have no claims against Defendants and, as a result, no standing or right to act on behalf of others with respect to Defendants. Under those circumstances, Plaintiffs' motions for conditional and class certification will be moot. *See Diaz v. Consortium for Worker Educ., Inc.*, No. 10-Civ-01848, 2010 U.S. Dist. LEXIS 107722, at *10-11 (S.D.N.Y. Sept. 28, 2010) (dismissing plaintiffs' complaint because "plaintiffs have failed to sufficiently allege that [defendant] had and exercised sufficient control over them to satisfy the economic reality test, or that [defendant] was otherwise their "employer" within the meaning of the FLSA). Thus, authorizing notice to a putative class prior to deciding the dispositive student/employer-employee relationship issue would impose unnecessary cost and burden on the Court and the parties.

As set forth in Defendants' February 21, 2014 letter, to address this threshold issue, Defendants propose that the Court enter an order (1) setting a six month period for fact discovery focused solely on the student/employer-employee issue; and (2) setting a deadline of 60 days after the completion of such fact discovery for the parties to move for summary judgment on the student/employer-employee issue (with all other aspects of this litigation stayed until this Court issues a decision on the summary judgment motion). Under this proposal, contrary to Plaintiffs' assertion in their February 25, 2014 letter, Defendants agree to toll the statute of limitations for all putative class members until filing of Plaintiffs' FLSA § 216(b) conditional certification motion, such that there would be no prejudice to potential putative class members. Accordingly,

DuaneMorris

Hon. William H. Pauley III
March 3, 2014
Page 3

this approach presents an efficient and equitable method for litigating this case consistent with the relevant procedural rules, applicable case law, and sound principles of efficient case management.

      Indeed, it makes little sense to proceed with conditional certification and the potential issuance of Court-supervised notice to thousands of putative class members, when that entire process could prove pointless (especially given Defendants' above position on tolling) if Plaintiffs are unable to establish an employer-employee relationship with Defendants. Furthermore, numerous district courts within the Second Circuit and elsewhere have adopted the approach Defendants request here. *See, e.g., Chenesky v. N.Y. Life Ins. Co.*, No. 1:07-cv-11504, Dkt. 11 (S.D.N.Y. Apr. 22, 2008) (ordering parties brief summary judgment as to plaintiffs' individual claims before engaging in discovery); *Comfort v. Rochester Gas & Elec., Inc.*, No. 6:07-cv-6404, Dkt. No. 23 (W.D.N.Y. Jan. 4, 2008) (same) *Hein v. PNC Fin'l Serv. Grp.*, No. 2:06-cv-2713, Dkt. No. 12 (E.D. Penn. Oct. 23, 2006) (ordering parties to engage in limited discovery to determine whether plaintiff's individual FLSA claim was viable before engaging in class discovery); *Wright v. Pirtano Construction Co.*, 1:12-cv-4949, Dkt. Nos. 29, 31 (N.D. Ill. Sept. 17, 2012) (adopting in an FLSA collective action defendant's proposal to litigate merits while holding class discovery and certification in abeyance).

      In short, staying conditional and class certification proceedings while the parties litigate the student/employer-employee issue through summary judgment will not only save the parties time, effort, and money, but also will conserve valuable judicial resources and benefit putative class members who will enjoy a period of tolling that would not otherwise exist. Furthermore, this efficient and fair approach accords with the relevant procedural rules, applicable case law, and sound principles of efficient case management. Defendants look forward to discussing this option, as well as the other issues raised in the parties letter, along with the effective date of tolling at the initial conference on March 14, 2014.

                                      Sincerely,

                                      s/Michael Tiliakos

cc:     Leon Greenberg, Esq. (counsel for Plaintiffs)