**LAW OFFICES OF LAUREN GOLDBERG, PLLC**
204 WEST 84TH STREET
NEW YORK, NEW YORK 10024
lg@lgoldberglaw.com

TELEPHONE: (646) 452-8380                                        FACSIMILE: (646) 452-8663

February 25, 2014

**VIA ECF**

Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street- Courtroom 20B
New York New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/14

Re:     Penceal v. Empire Beauty School, Case No.: 13 CV 7572(WHP)

Dear Judge Pauley:

This letter is sent pursuant to Your Honor's Individual Practices to request a pre-motion conference regarding Plaintiffs' proposed motion for seeking preliminary certification of an FLSA collective action group pursuant 29 U.S.C. §216(b).

Plaintiffs are former cosmetology students who attended Defendants' beauty school. Plaintiffs had to perform hundreds of hours of work for Defendants at their for-profit beauty salons without much, if any, instruction. . Accordingly, the defendants' salons were not operating for an educational purpose, but simply for the economic advantage of the Defendants. Significantly, the fees charged by defendants to the general public at these salons were higher than the costs of the materials used in providing these service. Defendants were able to generate a substantial profit since they had free labor by the plaintiffs. As discussed in the Complaint, the facts surrounding the plaintiffs' work in the Defendants' salons give rise to an employee-employer relationship between plaintiffs and the defendants. Plaintiffs bring claims for unpaid minimum wages under both the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and the laws of various states.

As the Court is aware, unlike a Fed.R.Civ.P. 23 class action, the statute of limitations on FLSA collective action claims <u>are not</u> automatically tolled for prospective collective action members by the filing of a complaint. *See Hoffman v. Sbarro*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997); *Herring v. Hewitt Assocs., Inc.*, 2007 U.S. Dist. LEXIS 53278; 2007 WL 2121693 (D.N.J. July 24, 2007); *Aquilino v. Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084; 2006 WL 2583563 (D.N.J. Sept. 6, 2006). Rather, for such persons, the statute continues to run until the prospective collective action member actually files a notice, formally opting in to the FLSA action. *Id.* Because of this, courts recognize the need for a motion for preliminary collective action

1

certification to be heard early in an action, so that prospective members can learn of the lawsuit and their rights before they expire. *Id.*

In the case at bar, Plaintiffs have had discussions with Defendants regarding an agreement under which the statute of limitations on the FLSA claims of all prospective collective action group members would be tolled. This would eliminate the need for a motion for preliminary collective action group certification to be heard now. Unfortunately, Defendants have insisted that, as part of such an agreement, Plaintiffs would have to agree to "bifurcate" discovery in this matter between so-called "merits" and "class" issues. This was discussed in detail in Plaintiffs' letter dated February 24, 2014 [Docket Item No. 60]. For the reasons set forth previously by Plaintiffs in Docket Item No. 60, Plaintiffs cannot agree to Defendants' discovery "bifurcation" plan.

Should Defendants reconsider and agree to the proposed tolling agreement without insisting that discovery issues also need to be bifurcated, this would avoid the time and effort needed to address a preliminary certification motion. Plaintiffs, however, are cognizant of the fact that, without a tolling agreement in place, the claims of more collective action group members will expire. Plaintiffs have no choice but to seek the Court's permission to file a preliminary certification motion now so as to preserve all prospective collection action members' claims.

Respectfully Submitted,

Lauren Goldberg
Attorney for Plaintiffs

Application granted. The initial conference on March 14, 2014 will serve as a pre-motion conference for Plaintiffs' proposed motion.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

3/6/14

2