UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA PENCEAL, SHIREEF JONES, KRISTY WALDRIP, CRYSTAL DRAHEIM, ANDREA DURUISSEAU, LEANDRIA GORDON, MARCUS HAYES, SHALINDA MALONE, TARA MATHEWS, SHARI MCFADDEN, DEDRA MEANS, JATERIA WALKER, NIKITA PIERCE, and LATACHA STALLARD, Individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>         v.<br><br>EMPIRE BEAUTY SCHOOL INC., EEG INC., EEG LLC, CHIC SCHOOLS, INC., EMPIRE EDUCATION GROUP, INC., FRANK SCHOENEMAN, MICHAEL D. BOUMAN, REGIS CORPORATION, and "John Doe Entities", name fictitious, name and number unknown, all conducting business as the Empire Education Group,<br><br>    Defendants. | Case No.: 13-CV-7572 (WHP)<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a telephonic conference on March 7, 2014, during which they discussed the topics set forth below. Stephen DeNittis, Esq. attended for Plaintiffs and Michael Tiliakos, Esq. attended for Defendants.

**Fed. R. Civ. P. 26(f) Topics:**

  A.  The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) 14 days after entry of the case management order.

  B.  The parties discussed disclosure and/or discovery of electronically stored

information and will continue to meet and confer regarding the form in which such discovery should be produced. The parties anticipate that they will be requested to disclose or produce electronic or computer-based media. The parties anticipate that the disclosures or production sought will be data reasonably available to the parties in the ordinary course of business. The parties reserve the right to petition the Court should the disclosures or production sought implicate data that is not in the party's possession, custody, or control, or data that is not reasonably accessible because of undue burden or cost. The parties are unable at this time to determine if disclosure or production of data beyond what is reasonably available in the ordinary course of business will be sought or required, but if such disclosure or production is sought or becomes necessary, the parties will timely inform the Court. Accordingly, if such discovery is determined to be needed, the parties will cooperate in determining the format and media for the production of such data and the procedures for such production.

      C.      The parties agree that nothing herein constitutes a waiver of any kind, including a party's right to propound discovery not described herein, or any objection to any discovery described herein.

      D.      Proposed Discovery Plan/Discovery Needs:

           1.      **Plaintiffs' position:**

This is a putative class and collective action challenging Defendants' policy and practice of failing to pay Plaintiffs and those similarly situated for the work they performed on Defendants' behalf. For the reasons set forth in detail in Plaintiffs' Complaint, Plaintiffs contend that they and the other members of the proposed FLSA collective action group meet the definition of "employee" set forth in FLSA for the time they spent working in Defendants' for profit beauty salon. Defendants charge members of the public for the various services that are

performed by the plaintiffs for which the plaintiffs receives no compensation. Defendants qualify as Plaintiffs' 'employers' under the FLSA and are liable for the wages required under the FLSA for such time periods. Plaintiffs are also "employees" of Defendants under various state wage laws set forth in the Complaint and that they are also entitled to wages under those state laws.

Plaintiffs have already sought permission from the Court to file a motion for preliminary collective action certification under 29 U.S.C. § 216(b) and are prepared to file this motion as soon as the Court grants permission. In anticipation of Plaintiffs' motion for class certification on their state law wage claims pursuant to Fed. R. Civ. P. 23, Plaintiffs will require discovery concerning, among other things: contact information for members of the proposed class action who worked in Defendants' for profit cosmetology salons that employed students enrolled in Defendants' cosmetology schools; information regarding the work Defendants required them to perform and the conditions under which they were required to work; information regarding the hours they worked; information regarding the fees charged by Defendants to the general public for cosmetology services at Defendants' salons; how the operations of those student salons affected the profitability, business operations, and wages paid to the employees of other private, for profit, salons which were not affiliated with any cosmetology school and how Defendants marketed the services of the salons employing the Plaintiffs and/or otherwise how Defendants had such salons engaged in competition with other private for profit salons; the costs of the materials utilized and consumed in providing these cosmetology services to the general public; and the profits earned by Defendants from the provision of cosmetology services to the general public by Plaintiffs and the proposed class members.

Plaintiffs submit that discovery should not be limited to certain issues or bifurcated in the manner which Defendants' propose. Rather, Plaintiffs propose that discovery should proceed on all issues simultaneously under the Federal Rules of Civil Procedure. Plaintiffs believe very strongly that the majority rule after the United States Supreme Court's 2011 opinion in <u>Wal-Mart v. Dukes</u>, 131 S. Ct. 2541 (U.S. 2011) is that bifurcation of discovery in proposed class actions into so-called "class" and "merits" issues decreases efficiency and complicates the orderly conduct of discovery.

Prior to <u>Dukes</u>, defendants frequently sought bifurcation of discovery in proposed class actions into so-called "class" and "merits" discovery. Even before the 2011 <u>Dukes</u> opinion, the argument that such bifurcation fostered "efficiency" was often rejected by district courts who found that the distinction between so-called "merits" and "class" discovery was largely artificial because the same discovery was often relevant to both "merits" issues and "class certification" issues. As a result of this overlap, many courts concluded that bifurcation caused more problems than it solved because, inevitably, disputes arose among the parties as to whether particular discovery was "merits" discovery, "class" discovery, or both. Indeed, the resulting disputes actually increased the time and effort needed to complete discovery as the court was called upon frequently to resolve such disputes. See <u>In re Plastics Additives Antitrust Litig</u>., 2004 U.S. Dist. LEXIS 23989 (E.D. Pa. Nov. 29, 2004) at *9-10:

> **"<u>Bifurcation would be inefficient, unfair, and duplicative in this case for several reasons</u>.... <u>Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period</u>, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims. <u>Bifurcation would also belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery</u>.**

4

> **Second, class certification discovery in this litigation is not 'easily' differentiated from 'merits' discovery. There will be a substantial overlap between what is needed to prove plaintiff's price-fixing claims, as well as the information needed to establish class-wide defenses, and what is needed to determine whether the elements of class certification are met."** (emphasis added) (citations omitted)

See also In re Rail Freight Fuel Surcharge Antitrust Litig., 258 F.R.D. 167, 173-174 (D.D.C. 2009), denying a motion to bifurcate "merits" and "class" discovery, noting that these issues were intertwined and, therefore, bifurcation would only complicate discovery and increase the number of discovery disputes the court would be asked to resolve, stating:

> **"Bifurcated discovery fails to promote judicial economy when it requires 'ongoing supervision of discovery.' Id. If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery.... Furthermore, the continued need for supervision and the increased number of disputes would further delay the case proceedings."** (emphasis added)

See also 3 Newberg on Class Actions § 9:44 (4th Ed. 2006):

> **"Discovery relating to 'class issues' is not always distinguishable from other discovery. Moreover, the key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members--an inquiry that may require some discovery on the 'merits' and development of the basic issues. Nor will discovery into matters affecting other members of the putative class necessarily be wasted if a class is not certified, for in many cases this information will be valuable as circumstantial evidence."**

In 2011, the United States Supreme Court decided Wal-Mart v. Dukes, 131 S. Ct. 2541 (U.S. 2011). In Dukes, the Supreme Court held that a district court deciding a class certification motion could examine so-called "merits" issues in deciding whether to certify a class under Fed.R.Civ.P. 23. See Wal-Mart v. Dukes, 131 S. Ct. 2541, 2551-2552 (U.S. 2011). After Dukes, federal courts commonly deny requests for bifurcation of discovery between "merits" and "class" issues because, under Dukes, merits issues are now relevant to class certification and the same

5

information will go to both "merits" and "class" issues.  Put more simply, courts – including the Southern District of New York – have held that the <u>Dukes</u> decision removed any rationale for bifurcation of so-called "merits" and "class" discovery. See <u>Chen-Oster v. Goldman, Sachs & Co.</u>, 285 F.R.D. 294, 298-300 (S.D.N.Y. 2012):

> **"Thus, because of the 'rigorous analysis' required by <u>Dukes</u>, <u>courts are reluctant to bifurcate class-related discovery from discovery on the merits</u>." (emphasis added)**

<u>See</u> <u>also</u> <u>New Eng. Carpenters Health & Welfare Fund v. Abbott Labs</u>., 2013 U.S. Dist. LEXIS 35644 (N.D. Ill. Feb. 20, 2013) at *9-11, denying an application to bifurcate "merits" and "class" discovery after <u>Dukes</u>, noting that the distinction between "merits" and "class" discovery has evaporated after the Supreme Court authorized courts to consider so-called "merits" issues in making the class certification decision, stating:

> **"<u>Courts increasingly find that class certification and merits issues overlap</u>. For example, in 2011 the Supreme Court concluded that a class certification analysis 'will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. <u>The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action</u>." (emphasis added)**

    2.       **Defendants' position:**

Defendants deny plaintiffs' claims in their entirety.  Plaintiffs are former cosmetology students of Defendant Empire Beauty School, Inc. – a fully-accredited and state-licensed educational institution.  Plaintiffs cannot be deemed "employees" for any part of their required cosmetology schooling and, thus, their minimum wage claims are without merit.  Indeed, courts have repeatedly held in a variety of factual circumstances that services performed as part of a vocational, educational, or similar program are not compensable under the FLSA or state wage

6

and hour laws, regardless of whether those services are provided to the public for a fee. See, e.g., Solis v. Laurelbrook Sanitarium & Sch., Inc., 642 F.3d 518, 530-32 (6th Cir. 2011) (students who worked in a school-operated sanitarium and grew produce the school sold to the public as part of a curriculum to develop vocational skills were not employees under the FLSA); Blair v. Wills, 420 F.3d 823, 829 (8th Cir. 2005) (labor performed by students as part of the school's educational curriculum was not compensable); DeMayo v. Palms W. Hosp., Ltd., P'ship, 918 F. Supp. 2d 1287, 1291-92 (S.D. Fla. 2013) (surgical technology student was not an employee during an externship at hospital); Lane v. Carolina Beauty Sys., Inc., 1992 WL 228868, *2-4 (M.D.N.C. July 2, 1992) (student enrolled in program to become a licensed cosmetology instructor was not an employee of the defendant cosmetology school).  There is no dispute here that all of the time spent in the student salon by the named plaintiffs and the members of the putative class was done in furtherance of their education in order to qualify to become licensed cosmetologists as required by state law. Accordingly, the major legal issue plaintiffs' claims present is whether they were employees within the meaning of the FLSA and applicable state law when they were students at Defendant Empire Beauty School, Inc. The major factual issue, in turn, is whether plaintiffs were students enrolled in a bona fide educational program during their time at Defendant Empire Beauty School, Inc.

     In order to address these major legal and factual issues, Defendants propose that the Court enter a case management order (1) setting a six month period for fact discovery focused solely on the student/employer-employee issue; and (2) setting a deadline of 60 days after the completion of such fact discovery for the parties to move for summary judgment on the student/employer-employee issue (with all other aspects of this litigation stayed until this Court

issues a decision on the summary judgment motion). The subjects on which discovery may be needed include all allegations set forth in Plaintiffs' First Amended Complaint.

E. The parties are not aware of any disputes about claims of privilege or protection at this time. The parties plan to enter a stipulation of confidentiality which they shall attempt to negotiate and submit to the Court for its approval.

F. Subject to the above-proposed defined scope of discovery, the parties do not anticipate any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

G. The parties agree that service of documents by email and/or overnight mail is effective service and is complete upon emailing or mailing. If the Court grants Defendants' request for limited discovery on the threshold issue of student/employee-employer, then IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, subject to the Court's approval, as follows:

| Date | Activity |
| --- | --- |
| April 14, 2014 | Amendment of the pleadings as of right pursuant to Fed. R. Civ. P.15(a)(l). The parties may seek to amend the pleadings hereafter pursuant to Fed. R. Civ. P. 15(a)(2). |
| If Defendants' proposal is adopted: October 30, 2014. If Plaintiffs' proposal is adopted: March 30, 2015 | Fact discovery completed. |

| | |
|---|---|
| If Defendants' proposal is adopted: December 15, 2014. If Plaintiffs' proposal is adopted: May 29, 2015. | Plaintiffs' expert disclosures, if any, must be made. |
| If Defendants' proposal is adopted: January 30, 2015. If Plaintiffs' proposal is adopted: July 15, 2015. | Defendant's expert disclosures, if any, must be made |
| If Defendants' proposal is adopted: March 15, 2015. If Plaintiffs' proposal is adopted: August 31, 2015. | Completion of expert depositions |

| | |
|---|---|
| On March 30, 2015 | **Plaintiffs' Proposal:**<br><br>Plaintiffs' motion for class certification of their state law claims under Fed. R. Civ. P. 23 and/or FLSA court-supervised notice to potential collective action opt ins pursuant to 29 U.S.C. 216(b) must be filed. (Discovery during this period will not be limited to discovery related to Plaintiffs' motion for class certification.) Opposition papers, if any, will be due 45 days after the filing date of the motions. Reply papers, if any, will be filed within 21 days of any opposition papers. Nothing shall prevent Plaintiffs from filing such motions before March 30, 2015, as long as they are in compliance with the Honorable William H. Pauley III's Individual Rules with respect to such motions.<br><br>**Defendant's Proposal:**<br><br>Within sixty days after the completion of fact discovery focused solely on the student/employer-employee issue, Defendants shall move for summary judgment on the student/employer-employee (with all other aspects of this litigation stayed until this Court issues a decision on the summary judgment motion). Discovery during this period will be limited solely to the student/employer-employee issue. Opposition papers, if any, will be due within the time prescribed by the Federal Rules of Civil Procedure and the local rules of the Southern District of New York. |
| September 15, 2015 | The parties must make any requests for a pre-motion conference in accordance with the Honorable William H. Pauley III's Individual Rules with respect to summary judgment motions. A briefing schedule will be set after receiving the Court's approval to proceed with a dispositive motion. |
| October 15, 2015 | Pre-trial order due. |

10

| To be set by the Court. | Final pre-trial conference. |
|---|---|
| As soon after submission of the pre-trial order as is convenient for the Court. | Trial |

Dated: March 7, 2014

BY: /s/ Lauren Goldberg, Esquire
    Lauren Goldberg, Esquire
    204 West 84th Street
    New York, NY, 10024

BY: /s/ Michael Tiliakos, Esquire
    Michael Tiliakos, Esquire
    Duane Morris, LLP
    1540 Broadway
    New York, NY 10036-4086

    **Attorneys for Defendants**

    Stephen P. DeNittis, Esquire
    DeNittis Osefchen, P.C.
    5 Greentree Centre, Suite 410
    525 Route 73 N.
    Marlton, New Jersey 08053

    Leon Greenberg, Esquire
    2965 South Jones Boulevard #E-4
    Las Vegas, Nevada 89146

    **Attorneys for Plaintiffs**

SO ORDERED:

_____
Hon. William H. Pauley
United States District Judge