# DeNITTIS OSEFCHEN, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5 GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 410
MARLTON, NEW JERSEY 08053
TEL: (856) 797-9951   FAX: (856) 797-9978

www.denittislaw.com

STEPHEN P. DeNITTIS*♦
JOSEPH A. OSEFCHEN
SHANE T. PRINCE*

\* MEMBER OF THE NJ & PA BAR
♦ CERTIFIED CIVIL TRIAL ATTORNEY BY THE
  SUPREME COURT OF NEW JERSEY

TWO PENN CENTER, SUITE 200
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
TEL:  (215) 564-1721
FAX:  (215) 564-1759

July 21, 2014

**Via NJ Lawyer Service**
The Honorable William H. Pauley, III, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

Re:   **Penceal, et al. v. Empire Beauty Schools, Inc., et al.**
      **Case No. 13-cv-7572 (WHB)**

Dear Judge Pauley:

The purpose of this letter is to raise an additional issue for discussion at the upcoming case management conference, currently scheduled for Friday, July 25, 2014, in the above case.

Defendants have expressed an intent to serve subpoenas on certain secondary educational institutions that nine named plaintiffs attended **prior** to enrolling at Empire Beauty School. The subpoenas seek the following information relating to plaintiffs:

- Records of the Student's enrollment, attendance, dismissal, withdrawal and/or graduation as well as any other administrative records or files pertaining to the Student;
- Applications for enrollment and other application materials, including any documents submitted in support of applications for enrollment, including personal statements and resumes (but not school transcripts);
- Transcripts and other documents pertaining to courses taken (grade information redacted);
- Financial aid records, including all financial aid application and award records, disbursement confirmations, and deferment and forbearance requests;

- Records pertaining to any clinical activities performed by the Student;
- Career counseling or job placement records pertaining to the Student; and
- Records of complaints or grievances filed by the Student.

The parties have met and conferred regarding the proposed subpoenas, and both sides have made numerous concessions. Nevertheless, plaintiffs continue to object to one category of information requested in the subpoenas – that of plaintiffs' pre-Empire financial aid records. In short, plaintiffs believe that this request is overbroad and not calculated to lead to the discovery of relevant, admissible evidence, as it bears no relationship whatsoever to plaintiffs' claims or the relief plaintiffs seek in this case, i.e., minimum wages under the FLSA for the hours they worked in defendants' salons. As written, this request seeks not only information regarding all educational scholarships, loans, and/or grants that plaintiffs received prior to attending Empire, but also information detailing the **pre-Empire financial status** of plaintiffs (as well as that of any dependent plaintiffs' parents or guardians), and would require the production of, inter alia, tax records, income statements, and records of any public assistance received.

Moreover, because these subpoenas seek plaintiffs' education records, defendants bear "a significantly heavier burden ... to justify [the records'] disclosure" than if the subpoenas merely sought ordinary business records. Rios v. Read, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). This is because a student's education records are protected by the Federal Educational Rights and Privacy Act ("FERPA"), which requires any party seeking disclosure thereof "to demonstrate a genuine need for the information that outweighs the privacy interests of the students" prior to any production of such records. Id. at 599 (citing 20 U.S.C. § 1232g); see also Jacques v. Adelphi Univ., 2011 U.S. Dist. LEXIS 78077, at *2-4 (E.D.N.Y. July 19, 2011).

Here, plaintiffs submit that defendants have not established – and cannot establish – the relevance of the requested financial aid records to this case, much less make the required showing that the records are necessary to defend plaintiffs' claims. As such, plaintiffs object to this request as irrelevant, overbroad, and harassing.

Because the parties have been unable to reach a resolution regarding this issue, we would like to discuss it with Your Honor at the upcoming conference. We also would be happy to brief the issue if Your Honor so requests.

Respectfully submitted,

DeNITTIS OSEFCHEN, P.C.

STEPHEN P. DeNITTIS

SPD: jra
Encl.
cc:  Michael Tiliakos, Esquire
     Lauren Goldberg, Esquire
     Leon Greenberg, Esquire