| | | |
|---|---|---|
| NEW YORK |  | BALTIMORE |
| LONDON | | WILMINGTON |
| SINGAPORE | | MIAMI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | BOCA RATON |
| CHICAGO | | PITTSBURGH |
| WASHINGTON, DC | | NEWARK |
| SAN FRANCISCO | MICHAEL TILIAKOS | LAS VEGAS |
| SILICON VALLEY | DIRECT DIAL: 1 212 692 1045 | CHERRY HILL |
| SAN DIEGO | PERSONAL FAX: +1 212 202 6231 | LAKE TAHOE |
| BOSTON | *E-MAIL:* mtiliakos@duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| LOS ANGELES | www.duanemorris.com | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| ATLANTA | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |

July 23, 2014

**VIA ECF**

Hon. William H. Pauley III
United States District Court
Southern District of New York
Courtroom 20B
500 Pearl Street
New York, NY  10007-1312

   Re: **Sabrina Penceal et al., v. Empire Beauty School, Inc., et al.; SDNY Case No: 13-cv-7572 (WHP)**

Dear Judge Pauley:

  Defendants submit this letter in response to Plaintiffs' July 21, 2014 letter objecting in part to subpoenas directed toward educational institutions which were attended by certain Plaintiffs prior to their enrollment at Empire Beauty School.  Specifically, Plaintiffs object to the subpoenas to the extent they seek a plaintiff's financial aid records, including all financial aid application and award records, disbursement confirmations, and deferment and forbearance requests.  These records are relevant to Plaintiffs' claims and Defendants' defenses and therefore, contrary to Plaintiffs' letter, Defendants can demonstrate a genuine need for them.

  Specifically, Plaintiffs' financial aid records are relevant to show that the educational nature of their experiences as students at Empire Beauty School are similar to their experiences as students at prior institutions.  Additionally, each Plaintiff's communications with and representations to various financial aid sources concerning, for example, the educational nature of his or her relationship with prior institutions are relevant to that Plaintiff's state of mind and to Defendants' defense that each Plaintiff understood that he or she was a student, not an employee, and was not entitled to wages for time spent in school.

DUANE MORRIS LLP

1540 BROADWAY NEW YORK, NY 10036-4086   PHONE: +1 212 692 1000 FAX: +1 212 692 1020
DM1\4904409.1

Hon. William H. Pauley III
July 23, 2014
Page 2

DuaneMorris

      The cases cited by Plaintiffs in their July 21, 2014 letter provide no support for their position that Defendants are not entitled to discovery of their prior financial aid records and, in fact, make clear that Defendants' burden, while perhaps heavier than in other contexts, such as with regard to business records, is still not particularly high.  For instance, in *Jacques v. Adelphi University*, No. CV 10-3076, 2011 U.S. Dist. LEXIS 78077 (E.D. N.Y. July 19, 2011), the plaintiff in a discrimination action sought the transcript of another student in Adelphi University's Graduate Nursing Program who, like the plaintiff, received a failing grade in the program.  The court there ordered production of the transcript, noting that FERPA permits Defendants to disclose students' education records to comply with a judicial order and concluding that in this case, "Plaintiff has demonstrated a need for the requested transcript – she has shown that this record is relevant **at least to some degree** in that it may aid her in an attempt to demonstrate that Defendants' articulated reasons for dismissal from the graduate nursing program were a pretext for unlawful discrimination."  *Id*. at *5 (emphasis added).

      Here, there is no question that Plaintiffs' prior financial aid records are relevant to Defendants' defenses in this case and that Defendants have fully met their burden of demonstrating a genuine need for the records.  Notably, Plaintiffs have not cited any case in which a court has concluded that the educational records of a student should not be disclosed based on FERPA and there is nothing about disclosure here that is contrary to the statute. *See Rios v. Read*, 73 F.R.D. 589, 598 (E.D. N.Y. January 14, 1977) (noting that FERPA "does not provide a privilege against disclosure of student records" but rather seeks to "deter schools from adopting policies of releasing student records").

      Also of significance, in cases where the educational records sought are those of a party to the litigation, the fact that the party placed his or her information at issue by initiating the lawsuit weighs strongly in favor of disclosure of the party's educational records.  *See, e.g., Gorman v. Polar Electro, Inc.*, 124 F. Supp. 2d 148, 149 (denying motion to set aside magistrate judge's decision denying request for a protective order as to transcript based in part on magistrate judge's finding that "the plaintiff, in initiating this action, put information about himself in issue, and the transcript is discoverable"); *Furey v. Wolfe*, Civil Action No. 10-1820, 2011 U.S. Dist. LEXIS 16465, at *20-21 (E.D. Pa. February 18, 2011) ("Given that Plaintiff's allegation that he suffered damages to his education and reputation – in effect placing his own educational records and reputation at issue – I conclude that Defendants' interest in obtaining Plaintiff's entire education record from Temple University outweighs Plaintiff's privacy interest in those records.").

      Significantly, in both cases cited by Plaintiffs, *Jacques* and *Rios*, a party was seeking the educational records of students who were **not** parties to the litigation and, yet in each of these cases, the court still concluded that the party seeking the educational records had demonstrated a genuine need for those records.  Here, Plaintiffs have clearly put their educational experiences (and state of mind concerning their educational experiences) at issue by initiating this action and as such Defendants' interest in financial aid records relevant to their defense outweighs Plaintiffs' alleged privacy interests in those records.

DuaneMorris

Hon. William H. Pauley III
July 23, 2014
Page 3

      Finally, as defense counsel has advised Plaintiffs' counsel, Defendants have no objection to marking Plaintiff's financial information and records as "Confidential" pursuant to the parties' agreed-upon confidentiality agreement and/or redacting certain information that does not relate to Plaintiffs' claims or Defendants' defenses, such as financial status of any dependent plaintiffs' parents or guardians.

      Thank you for your attention to this matter.

                                      Sincerely,

                                      /s/ Michael Tiliakos
                                    Michael Tiliakos
                                    Natalie F. Hrubos

cc:     Leon Greenberg, Esq. (counsel for Plaintiffs)
        Lauren Goldberg, Esq. (counsel for Plaintiffs)
        Stephen P. DeNittis, Esq. (counsel for Plaintiffs)