|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 7/24/14 |

SABRINA PENCEAL, SHIREEF JONES,
KRISTY WALDRIP, ANDREA DURUISSEAU,
LEANDRIA GORDON, MARCUS HAYES,
SHALINDA MALONE, TARA MATHEWS,
DEDRA MEANS, JATERIA WALKER,
LATACHA STALLARD, DAWN SHIMKUS,
JUSTIN LEE CONAWAY and AMANDA
GRAHAM, individually and on behalf of others
similarly situated,

              Plaintiffs,

v.

EEG INC., REGIS CORPORATION, FRANK
SCHOENEMAN and MICHAEL D. BOUMAN, all
conducting business as the "Empire Education
Group",

              Defendants.

Case No.: 13-CV-7572 (WHP)

**CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE
ORDER**

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Plaintiffs Sabrina Penceal, Shireef Jones, Kristy Waldrip, Andrea Duruisseau, Leandria Gordon, Marcus Hayes, Shalinda Malone, Tara Mathews, Dedra Means, Jateria Walker, Latacha Stallard, Dawn Shimkus, Justin Lee Conaway and Amanda Graham, individually and on behalf of others similarly situated ("Plaintiffs"), and Defendants EEG Inc., Regis Corporation, Frank Schoeneman, and Michael D. Bouman, all conducting business as the "Empire Education Group", ("Defendants") (Plaintiffs and Defendants, collectively referred to as the "Parties"), through their undersigned counsel of record, hereby agree as follows:

WHEREAS, the Parties are engaged in litigation and desire to exchange certain information and documents to assist the Parties in the litigation, including interrogatories, the inspection of documents, depositions, and business records subpoenas;

WHEREAS, some of the information and documents contain or relate to information of a private, personal confidential, or proprietary or trade secret nature, the disclosure of which might result in irreparable harm and/or invasion of privacy, including, inter alia, private and personal information relating to current and former students of any Defendant; information or documents protected under the Family Educational Rights and Privacy Act; personnel or employment records, including salary information, relating to employees of any Defendant; trade secrets; information that reveals trade secrets; research, proprietary, non-public business technical, commercial or financial information that any party has maintained as confidential; medical information concerning any individual; personal identity information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; information or documents any party has submitted to any state-licensing or accrediting body or the United States Department of Labor; names, contact information, financial information, or other personal information or documents concerning guests, clients and/or customers of any party; and other documents containing or relating to business or competitive information that is of a private, confidential and/or proprietary nature;

THEREFORE, pursuant to the Federal Rules of Civil Procedure, the purpose of this agreement and protective order is to permit the Parties and their respective counsel to discover certain information, documents and things from each other and to reasonably limit disclosure of said confidential information that may be exchanged and produced now and in the future during this litigation;

IT IS HEREBY AGREED AND STIPULATED THAT:

1. This agreement and protective order covers private and personal information relating to current and former students of any Defendant; information or documents protected under the Family Educational Rights and Privacy Act; personnel or employment records, including salary information, relating to employees of any Defendant; trade secrets; information that reveals trade secrets; research, proprietary, non-public business technical, commercial or financial information that any party has maintained as confidential; medical information

concerning any individual; personal identity information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; information or documents any party has submitted to any state-licensing or accrediting body or the United States Department of Labor; names, contact information, financial information, or other personal information or documents concerning guests, clients and/or customers of any party (collectively, the "materials"). Information or documents that are available to the public may not be designated as Confidential Information.

2. The provisions of this agreement and protective order shall apply to the following: (i) the Parties to this action, including, in the case of parties other than individuals, their independent contractors, officers, directors, partners, in-house counsel and employees, (ii) counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, and any third parties, such as outside copy services and e-discovery vendors, who are assisting counsel in this action, (iii) consultants retained or consulted in connection with this action, (iv) experts retained or consulted in connection with this action, (v) any person who consents to join this action; and (vi) any other person or entity who produces or provides information in this action and agrees to be bound by the terms of this agreement and protective order.

3. Any party or witness providing materials which that party or witness believes in good faith are unavailable to the public, not readily determinable from other sources, and are or have been treated as confidential by that party or witness may designate such materials as CONFIDENTIAL.

4. A providing party or witness may designate as CONFIDENTIAL, in whole or in part, any materials by stamping materials as "CONFIDENTIAL" or, in the case of information not contained within documents, by so advising all other parties of the confidential nature of the materials. Any party or non-party may obtain confidential treatment for materials previously provided by any party or non-party but not so designated if the party seeking the designation does so within thirty (30) days of providing the materials, sends written notice of such

3

designation to all other parties or non-parties in possession of such materials, and, in the case of documents, re-produces such documents with a "confidential" stamp.

5. Parties must obtain leave of the Court before filing any document under seal. The sealing request shall include (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted; (2) one partial set of solely those pages on which the party seeks to redact material. If leave is granted, Parties must file redacted copies with the Clerk of Court.

6. Confidential materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this agreement and protective order. A non-providing party shall not, except by consent of the providing party or witness, use CONFIDENTIAL materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the litigation and/or settlement of this action (including any private mediation).

7. A non-providing party shall not, without the consent of the providing party or witness, disclose CONFIDENTIAL materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary to litigate and/or for the settlement of this action:

(a) Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, and any third parties, such as outside copy services and e-discovery vendors, who are assisting counsel in this action;

(b) The named Parties in this action and employees, officers, and directors of named Parties (note however that while CONFIDENTIAL materials may be disclosed to named and opt-in Plaintiffs, they shall not be disclosed to other members of the putative class unless and until a class including the putative member has been certified);

(c) Any consultant retained or consulted in connection with this action;

(d) Any expert retained or consulted in connection with this action;

(e) The Court and any persons employed in the Court whose duties require access to CONFIDENTIAL materials;

(f) Court reporters and stenographers;

(g) The author or recipient of the document (not including a person who received the document in the course of litigation); and

(h) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

8. All persons to whom CONFIDENTIAL materials are disclosed pursuant to subparagraphs 7(a)-(f) shall be advised of the existence of this agreement and protective order. Prior to disclosure of CONFIDENTIAL materials to any person within the categories described in subparagraphs 7(c)-(d), such person shall agree in advance to be bound by this Protective Order by signing a declaration or statement so agreeing to be bound.

9. Whenever possible, the lawyer defending a deposition or other oral testimony involving "CONFIDENTIAL" materials shall affirmatively designate that testimony with the appropriate category of designation on the record. A party or the witness may also make such a designation after transcription by giving written notice identifying the information to be so designated by page and line number(s) to counsel of record within thirty (30) days from the date they receive a copy of the transcript.

10. Within sixty (60) days of the conclusion of this action, all CONFIDENTIAL materials, including any summaries and copies thereof, shall be returned to the providing party or witness to be destroyed, or shall be destroyed. Within that time, counsel for receiving parties shall provide to the party or witness providing CONFIDENTIAL materials a declaration stating that all such materials, including copies or summaries thereof, have been returned or destroyed.

11. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated CONFIDENTIAL materials so long as that work product does not duplicate verbatim substantial portions of CONFIDENTIAL materials, and (2) one complete set of all depositions, exhibits, and documents filed with the Court including those filed under seal. Any retained CONFIDENTIAL materials shall continue to be protected under this Order. An attorney may use his or her work

product in subsequent litigation, provided that its use does not disclose or use CONFIDENTIAL materials.

12. This agreement and protective order may be modified by written stipulation signed by the parties or counsel or by order of the Court. Nothing in this agreement and protective order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

13. Neither the taking of any action in accordance with the provisions of this agreement and protective order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This agreement and protective order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The provision of materials subject to this agreement and protective order shall not constitute an admission as to the discoverability or admissibility at trial of any material.

14. Any violation of this agreement and protective order may result in a party requesting any available sanction by way of noticed motion, or ex-parte application if the requirements for an ex-parte application have been met.

DM1\6962764

15. Neither the signing of this agreement nor producing or receiving CONFIDENTIAL materials thereunder shall (a) operate as an admission by any party that any such materials contain confidential information or (b) prejudice in any way the right of any party to challenge the designation of any material as CONFIDENTIAL.

16. This agreement and protective order may be signed on separate signature pages. These separate signature pages will become part of the integrated agreement and protective order. Where convenient for the parties to do so, the signed signature pages may be facsimile or electronic transmissions.

BY: _____
Lauren Goldberg, Esquire
204 West 84th Street
New York, NY, 10024

Stephen P. DeNittis, Esquire
DeNittis Osefchen, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08053

Leon Greenberg, Esquire
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146

**Attorneys for Plaintiffs**

BY: _____
Michael Tiliakos, Esquire
Duane Morris, LLP
1540 Broadway
New York, NY 10036-4086

**Attorneys for Defendants**

SO ORDERED:

_____
W.H. PAULEY III          7/24/14