# DeNITTIS OSEFCHEN, P.C.

**A PROFESSIONAL CORPORATION**
**ATTORNEYS AT LAW**
5 GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 410
MARLTON, NEW JERSEY 08053
TEL: (856) 797-9951   FAX: (856) 797-9978

**www.denittislaw.com**

STEPHEN P. DeNITTIS*◆                                             TWO PENN CENTER, SUITE 200
JOSEPH A. OSEFCHEN                                                1500 JFK BOULEVARD
SHANE T. PRINCE*                                                  PHILADELPHIA, PA 19102
                                                                  TEL: (215) 564-1721
_____
*   MEMBER OF THE NJ & PA BAR                                     FAX: (215) 564-1759
◆   CERTIFIED CIVIL TRIAL ATTORNEY BY THE
    SUPREME COURT OF NEW JERSEY

October 28, 2014

**Via NJ Lawyer Service**
The Honorable William H. Pauley, III, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

      Re:   **Penceal, et al. v. Empire Beauty Schools, Inc., et al.**
             **Case No. 13-cv-7572 (WHB)**

Dear Judge Pauley:

      Pursuant to Your Honor's July 28, 2014 Scheduling Order ("Order"), the parties in *Penceal, et al. v. Empire Education Group, Inc.*, 13-cv-7572 submit this letter to inform the court as to the status of discovery and request an adjournment of the October 31, 2014 status conference until mid-November. To date, the parties have worked cooperatively in working towards completing fact discovery. Plaintiffs have responded to Defendants' First Set of Interrogatories and Document Requests propounded for 13 of the 14 plaintiffs. (Plaintiffs' Counsel is having trouble locating one plaintiff who has recently moved and has been conferring with defendants about possibly dismissing this plaintiff from the case.) In addition, 7 of the 13 responding plaintiffs have been deposed by defendants, and the parties are working on scheduling the remaining 6. Plaintiffs' counsel has taken the depositions of two defense witnesses on topics relating to ESI discovery.

      Defendants have responded to plaintiffs' Requests for Admissions, Set A and to plaintiffs' Request for Production of Documents, Set A. Plaintiffs' position is that Defendants have not yet produced documents responsive to all of Plaintiffs' Requests for the Production, and, consequently, Plaintiffs cannot take additional defense depositions until such documents are produced. The parties therefore intend to seek the assistance of the Court in managing these

disputed discovery issues, if over the next 2 weeks, the parties cannot resolve the issues on their own. At this time, however, the parties are continuing to meet and confer prior to seeking the Court's assistance.

On April 16, 2014 plaintiffs served Request for Production of Documents, Set A ("Document Requests"). Since being propounded, plaintiffs have received from defendants responsive documents totaling approximately 26,000 pages.

The documents produced by defendants include documents relating to Defendant EEG, Inc's curriculum, the enrollment/attendance of the named plaintiffs, services provided in the student salon, certain Empire Beauty School advertisements, and certain policies/operations manuals. A number of these documents have been utilized by defendants at plaintiffs' depositions. Additionally, after meeting and conferring with Plaintiffs' counsel, Defendants produced a number of financial documents earlier this week, which plaintiffs have not yet had an opportunity to review.

While these documents are responsive to some of plaintiffs' Document Requests, plaintiffs' position is that there remain numerous documents that have not yet been produced, and, more importantly, numerous requested categories of information for which plaintiffs have received no documents whatsoever.

Plaintiffs sent deficiency letters to defendants on August 4, 2014 and September 18, 2014. As a result, the parties "met and conferred" on October 6, 2014, October 23, 2014, and October 27, 2014 to further discuss plaintiffs' alleged deficiencies and defendants' objections to certain requests made by plaintiffs.

After meeting and conferring, defense counsel has represented that they are conferring with the applicable defendants about responding to the outstanding requests, through the production of additional responsive documents and/or through limiting objections. Defense counsel further represented that they intend to produce additional documents in the next few days and will clarify their position on the remaining requests by November 10, 2014. As referenced above, Defendants did in fact produce additional documents, within the time frame promised, but plaintiffs' counsel has not yet had the opportunity to review the documents produced.

Defendants have expressed their position that, among other things, many of plaintiffs' remaining requests are overbroad in scope, seek documents not relevant to the subject matter of the litigation, and/or impose a significant, undue burden on Defendants. However, the parties intend to continue to meet and confer over these issues, including the temporal scope of the requests, in order to work through these issues including, if need be, possibly narrowing the requests to reach a compromise.

The parties are working cooperatively to address Plaintiffs' concerns about the fast approaching March 30, 2015 fact discovery end date and the need for plaintiffs to schedule and conduct several depositions of defendants' witnesses, while also addressing Defendants' concerns about the burden/cost of Plaintiffs' discovery requests (among other things), particularly Plaintiffs' requests for email data.

Plaintiffs' counsel has taken the position that the parties should not schedule further defense depositions until after the production of the intended deponent's email data. Defendants' position is that Plaintiffs' request for email data is unduly overbroad and overly burdensome. Plaintiffs have informed defendants that they would be willing to further limit the email search terms if and when defendants produce documents responsive to plaintiffs' outstanding document requests. Despite these issues, the parties are continuing to meet and confer regarding discovery of email data.

Additionally, Defendants have written Plaintiffs' counsel concerning deficiencies in the discovery responses of certain Plaintiffs (and in some instances renewed requests for documents during plaintiff depositions). The parties are continuing to meet and confer regarding these issues as well.

Accordingly, the parties jointly request to adjourn the currently scheduled October 31, 2014 Case Management Conference and reschedule the said conference for a new date during the second or third week of November in case a resolution cannot be reached between the parties on these discovery issues.

        Respectfully submitted,

        DeNITTIS OSEFCHEN, P.C.

        */s/ Stephen P. DeNittis*

        STEPHEN P. DeNITTIS

SPD: jra
Encl.
cc:    Michael Tiliakos, Esquire
        Lauren Goldberg, Esquire
        Leon Greenberg, Esquire